### R. HILSCHER v. THE STATE.

#### No. 3040.   Decided June 7, 1905.

**1.—Theft From Person—Charge of Court—Recent Possession.**

Where a charge, in a prosecution of theft from the person, was in effect that if the jury believed the explanation given by the defendant of possession of property recently stolen was reasonable and probably true, and the State had failed to prove its falsity, the fact of such possession must not be considered by them as in any manner tending to establish the guilt of the defendant, there was no error. Davidson, Presiding Judge, Dissenting.

**2.—Same—Newly Discovered Evidence—Motion For New Trial.**

Where the alleged newly discovered testimony was of an impeaching character, and was not material upon an issue that would have likely exerted any influence with the jury, the motion for new trial was properly overruled.

Appeal from the District Court of Lavaca. Tried below before Hon. M. Kennon.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that John Shulark went to Shiner on the 19th of June, 1904, and that he had in a pocket book several currency bills amounting to $45 and about $4 in silver; that he had also a certain promissory note and some advertisements in said pocket book, which latter he had in his pants pocket; that he met defendant there, and had several drinks with him; that they were together early during the night of said day; that defendant asked him several times to loan him 50 cents which he refused; that finally they both sat down on a bench in front of a bar room; that defendant kept asking him for 50 cents; that Shulark had his pocket book with said currency bills, etc., in his pants pocket at that time; that he went to sleep on said bench and when he awoke his pocket book and defendant had disappeared. The next morning the pocket book containing the note and advertisement was found with defendant, or rather in the house of defendant, who first denied that he had it, and afterwards said he found it the night before on the street of Shiner; his mother testifying that it was a pocket book she had bought some time before and given to defendant's brother. Defendant was also seen with currency and silver between 10 and 11 o'clock at a bar room on the night of the 19th of June, 1904; changed a $10 bill and offered to change another $5 bill, etc., bragging that he had plenty of money and showing it to the bar keeper, etc.

Defendant's mother testified that she gave him $10 in currency and $1 in silver when he went to Shiner on that day and that he returned at 11 o'clock on the night of the 19th of June, 1904, ate his supper, went to bed and handed her $7 in change the next morning, etc. Frank Sadalacek testified that he saw defendant have a silver dollar and some greenbacks the day he started to Shiner, but when cross-examined said that he told Munson, when coming to court, that the Hilschers wanted him to swear something good for the defendant and would pay him for it, and that he did not see any money in defendant's hands on that day except one silver dollar. Defendant's brother testified that the pocket book belonged to him, etc.

There were other circumstances with reference to the transaction; contradictions and impeachments, but the above is the substance of the evidence.

*Arthur P. Bagby,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at two years confinement in the penitentiary.

Appellant objected to the seventh paragraph of the court's charge which is, as follows: "If you find from the evidence that any of the property mentioned in the indictment was privately stolen from the person of the said John Shulark, at the time and place charged in the indictment, and that subsequently any of the property so stolen was found in the possession of the defendant, then if the defendant, when such possession was called in question, stated that he had found the property in Shiner, then, if you find that such explanation of possession by the defendant is reasonable and probably true, it devolves upon the State to prove its falsity, and if you so find, and the State has not proven the falsity of such explanation, then the possession of such property by the defendant (if he had such possession) must not be considered by you as tending to establish the guilt of the defendant." The grounds of objection stated in the bill of exceptions are as, follows: That the same in the beginning erroneously stated the law as to the effect of an explanation reasonable and probable by appellant on being found in possession of property alleged to have been stolen; and because said paragraph taken as a whole was vague, confusing, unintelligible, misleading and calculated not to instruct but to mislead the jury as to the law. We do not consider the objections urged in this bill as tenable. The charge is an instruction in favor of the defendant, and tells the jury in effect that, if the explanation given was reasonable and probably true, that it will be taken as true and will go to the acquittal of appellant. Nor do the subsequent portions of the objection raise any question as to the charge. We do not believe

that it is vague or confusing, or calculated to mislead the jury. In the motion for new trial appellant again excepts to this charge. The ground of objection stated is, that it imposes upon defendant a greater burden than the law does; that the law requires the State to show the falsity of any account given by the defendant, if the account is in itself reasonable and probable. We understand this to be exactly what the charge does; that is, requires the State to prove the falsity of said explanation of appellant, if the same was reasonable and probable. The charge further instructs the jury that, if the State failed to prove the falsity of said explanation, then the possession of said property by defendant, if he had such possession, must not be considered by the jury as tending to establish the guilt of the defendant. We understand this to be correct. The effect was to inform the jury, if they believed the explanation given by defendant was reasonable and probably true, and the State had failed to prove its falsity, the fact of such possession must not be considered by the jury as in any manner tending to establish the guilt of the defendant. These are the only exceptions urged against said charge, and in our opinion they do not point out any question showing that said charge was improper or illegal.

In motion for new trial appellant insisted the same should be granted on the ground of newly discovered evidence. This newly discovered evidence was of an impeaching character. New trials are not ordinarily granted for this character of evidence. Witness Frank Sadalacek was introduced by defendant. On his examination in chief he stated that he saw appellant on the day he went to town, and before he started, have a silver dollar and some greenbacks. On cross-examination he admitted that he saw no money in defendant's hand except a silver dollar; that it was Mrs. Hilscher, defendant and old man Hilscher who told him to swear as he did. The testimony developed from this witness on cross-examination was denied by Mrs. Hilscher. Why the defendant's father was not placed on the stand to deny this is not stated. But it seems the testimony desired, as judged from the affidavits, was to impeach appellant's own witness, by showing that he had stated to other parties that he saw appellant with a $10 currency bill, before he went to town, or rather with some currency. Appellant only claimed by the testimony adduced by him to have had a $10 currency bill and a silver dollar. By other than the State's witnesses it was shown that on the night after the alleged robbery he had more currency then $10. We do not think the impeaching testimony was material or upon an issue that would have likely exerted any influence with the jury. The court did not err in overruling the motion on the ground of newly discovered evidence.

The judgment is affirmed. *Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—The charge quoted in regard to possession of property recently after being taken and the

reasonable account of such possession is not correct and has been uniformly condemned since Wheeler's case, 34 Texas Crim. Rep., 350. The charge here is practically a reproduction of the condemned charge in Wheeler's case.. The charge given does not instruct the jury as to what the law is but what it is not. It certainly is fully "misleading" if it tells the jury the law is the opposite of what it is. The court gave or was supposed to give the law and the jury must so regard the charge. Here the charge gave what this court has more than frequently said is not the law, and the jury is bound to take the charge as the law of the case and we must suppose they did. I therefore dissent from the opinion of my brethren and believe the judgment should be reversed.