### JOHN WHEELER V. THE STATE.
#### *No. 649.    Decided April 20.*

1. **Theft—Recent Possession and Reasonable Explanation—Proper Charge Upon.**—On a trial for theft, where the issue is recent possession with reasonable explanation, the following is a proper charge to be given to the jury: "If you believe from the evidence that the property described in the indictment had been stolen from the prosecutor, and that recently thereafter the defendant was found in possession thereof, and when his possession was first questioned he made an explanation of how he came by it, and you believe that such explanation is reasonable and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true, and acquit the defendant. If, on the contrary, you believe such explanation was unreasonable, and did not account for defendant's possession in a manner consistent with his innocence, or you believe that the same accounted for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of defendant, together with his explanation, in connection with all the other facts and circumstances, if any, in evidence, and if you believe the defendant guilty beyond a reasonable doubt, you will so find; otherwise, you will acquit the defendant."

2. **Same—Purchase—Charge.**—On a trial for theft, where there is distinct substantive evidence of a purchase by the defendant of the alleged stolen property, it is the duty of the court to give a charge upon that issue, whether requested to do so or not, and a failure to give such a charge is reversible error.

3. **Same—Receiving Stolen Property—Charge.**—On a trial for theft of hogs, where there was evidence showing, or tending to show, that defendant was not present and participating in the original taking, the charge of the court should have informed the jury, that if they so believed, the defendant could not be convicted of the theft; and in that connection the jury should have been further instructed, that the receiving of the property after it had been stolen, though with guilty knowledge on the part of the defendant, would not authorize them to convict him of the theft of the same.

4. **Charge—Sufficiency of.**—It is the duty of the court without request to give in charge to the jury, on behalf of defendant, every defense reasonably called for by the evidence adduced.

APPEAL from the District Court of Wharton. Tried below before Hon. T. S. REESE.

This appeal is from a conviction for hog theft, the punishment being assessed at two years' imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Linn & Mitchell,* for appellant.—1. The court erred in wholly failing to charge upon the issue and defense of purchase of the alleged stolen property, which defense was relied upon by defendant, and fully supported by the evidence adduced in the cause. This was error, because the court, by this action, withdrew from the consideration of the jury the main defense relied on by defendant on the trial of this cause. Ray v. The State, 13 Texas Crim. App., 56; McDaniel v. The State, 24 Texas Crim. App., 552; Murphy v. The State, 17 Texas Crim. App., 645; Ryan v. The State, 22 Texas Crim. App., 703; Smith v. The State, 7 Texas Crim. App., 383; Boyd v. The State, 24 Texas Crim. App., 581; Clayton v. The State, 15 Texas Crim. App., 354; Bond v. The State, 23 Texas Crim. App., 180; Prator v. The State, 15 Texas Crim. App., 368; Henry v. The State, 9 Texas Crim. App., 362; McAfee v. The State, 14 Texas Crim. App., 674; Beckham v. The State, 8 Texas Crim. App., 53; Barrett v. The State, 18 Texas Crim. App., 67.

2. The court erred in failing to charge in any manner that defendant's guilt of the offense of theft of the property was dependent upon his participation in the original fraudulent taking of the property from the possession of the owner; and that any subsequent connection therewith, whether fraudulent or not, would not make him guilty of theft charged in the indictment, and upon which he was tried. The evidence raised the issue clearly and decisively, that defendant's possession of the property began subsequent to its acquisition by another. Vincent v. The State, 9 Texas Crim. App., 305; Scott v. The State, 10 Texas Crim. App., 113; Lacy v. The State, 19 S. W. Rep., 896; Ray v. The State, 13 Texas Crim. App., 56; McPhail v. The State, 10 Texas Crim. App., 130.

3. The court erred in charging the jury, that recent possession of stolen property was a circumstance showing guilt, without qualifying said charge in any manner, to the effect, that it was to be considered as a circumstance only when taken in connection with and in the light of the other facts in the case; because recent possession of stolen property is a circumstance to be considered separately and alone only when such possession is wholly unexplained, after opportunity therefor has been had; and because a reasonable explanation rebuts the suspicion of guilt, unless such explanation is shown to be false.

Recent possession of stolen property is only one of many of the circumstances and facts of the case to be considered by the jury, and a reasonable explanation of such possession given by one found in possession of recently stolen property rebuts the suspicious circumstance of possession, and the burden rests on the State to prove such explanation false beyond any reasonable doubt, and then show beyond

a reasonable doubt the guilt of defendant of the fraudulent taking from the possession of the owner; and the charge of the court should have so stated. Irvine v. The State, 13 Texas Crim. App., 501; Clark v. The State, 22 Texas Crim. App., 603; Brothers v. The State, 22 Texas Crim. App., 463.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was tried in the court below under an indictment charging him with the theft of seven head of hogs. He was convicted, and his punishment assessed at confinement in the penitentiary for a term of two years, and from the judgment and sentence of the court below he prosecutes this appeal.

It appears from the evidence in this case, that one Sandy Diggs, who lived some four or five miles from the defendant, owned nine head of hogs. He lost them on Monday, the 5th of September. On the following Sunday he found and identified six of said hogs in the defendant's slaughter pen, situated about a mile from the town of. Wharton. Diggs, with two others, then went to the house of defendant, and called for defendant. He came out, and the prosecutor told him he had found six of his hogs in his pen at the slaughter house. The defendant replied, "If I have got any of your hogs in my pen, you can get them;" and he then said that he bought the hogs in question, with one other which he had killed a day or two before, making seven in all, from a negro on the Thursday before, and described said negro as a black, heavy-set man, wearing a flop-down white hat, and riding a bay horse with roach mane; that he gave him his name, but that he could not then recollect it; and that one John Collins was there at the time he bought the hogs, and he could probably tell him the man's name. He also said he gave $14 for the hogs, paying $2 apiece. The hogs, when found in the pen by the prosecutor, showed that their ears had been recently marked or cut to a point, cutting out the mark of the prosecutor. The six hogs were turned over by the defendant to the prosecutor on the day thereafter. In addition to the explanations given by the defendant as to how he came by the hogs, when his right to them was first questioned, he proved by two other witnesses, besides himself, the purchase of the hogs from the person described by him as having sold him the hogs, but neither of the witnesses could recall the name of the party. The defendant also introduced testimony tending to show, that on the Monday when it was alleged that the hogs were stolen he was at another and different place, and could not have been present at the taking of them on said day. He moreover showed by the prosecutor's witnesses, that his purchase of the hogs was on Thursday following the Monday when the hogs were alleged to have been stolen.

By one witness, Tom Campbell, it was shown, that he saw the alleged party from whom the hogs were purchased, driving the hogs

towards the pen of defendant, about 100 or 200 yards from said pen, and that at the time neither the defendant nor his butcher were with the said party or at the pen.   On the other hand, the State showed by a witness, Maxey, that he saw the hogs of the prosecutor in the slaughter pen of defendant on the same Monday evening when they were missed by the prosecutor, and that defendant and John Collins were also at the pen, and their horses were hitched near by.   On this state of case, the court gave a general charge on theft, and a charge on circumstantial evidence, and also gave the following charge, which the appellant assigns as error, to wit: "Possession of property recently stolen is a circumstance which may be considered by the jury in arriving at the conclusion as to the guilt or innocence of the defendant; but in order to justify a conviction upon such evidence alone, such possession must be recent after the theft, must be the personal and exclusive possession of the defendant, and involve a conscious assertion of ownership by him, and must be unaccompanied by any reasonable explanation by the defendant of such possession; and if the hogs of the said Sandy Diggs, described in the indictment, were stolen, and the defendant was found in possession of them recently after the theft, if when such possession by him was first called in question he gave an explanation of such possession that was natural, reasonable, and probably true, it devolves upon the State to show that such explanation was false; and, if the State fails to do so beyond a reasonable doubt, the defendant must be acquitted."

The appellant contends, that this was a charge upon the weight of testimony.   Analyzed, the first portion of said charge in effect says to the jury, that if they believed that the hogs were stolen from Diggs, and that recently thereafter they were found in the possession of the defendant, and he made no reasonable explanation of such possession, they would be justified in convicting him upon such evidence alone. While some of the authorities indicate that recent possession of stolen property, unexplained, will of itself authorize a conviction, yet a charge upon this subject must be very carefully guarded in order not to trench upon the province of the jury.   The charge in this case is, in our opinion, obnoxious to the criticism of appellant.   Moreover, such a charge was not applicable to this case even if it had been properly framed, for it was not a case of recent and unexplained possession. The court, in a subsequent portion of said charge, instructed the jury as to the effect of an explanation given by defendant at the time he was found in possession of the property alleged to have been stolen. But, taking the whole charge together, it would rather seem to make the defendant's guilt or innocence hinge upon the truth or falsity of his explanation.   A charge upon this subject, when called for, should be clear ·and explicit, and leave no room for misconception by the jury.   In this case, if it be conceded that a charge on explanation was necessary, the jury should have been told:   "If you believe from the evidence that the hogs described in the indictment had been stolen

from the prosecutor, and that recently thereafter the defendant was found in possession of them, and when his possession was first questioned he made an explanation of how he came by them, and you believe that such explanation is reasonable and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true, and acquit the defendant. If, on the contrary, you believe such explanation was unreasonable, and did not account for defendant's possession in a manner consistent with his innocence, or you believe that same accounted for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of defendant, together with his explanation, in connection with all the other facts and circumstances, if any, in evidence, and if you believe defendant guilty beyond a reasonable doubt you will so find; otherwise you will acquit the defendant." Such a charge would not have been upon the weight of testimony, and would have presented this phase of the case clearly and pertinently to the jury.

It is also contended by the appellant, that the court should have given the defendant the benefit of a distinct and substantive charge on the question of the purchase of the hogs in question by him. Inasmuch as there was in this case distinct and independent testimony of the purchase, aside from the explanation given at the time, we believe the charge on this subject should have been given. Bond v. The State, 23 Texas Crim. App., 180; Smith v. The State, 24 Texas Crim. App., 290. If in this case the court had pertinently charged on purchase of the hogs, this would have been sufficient without a charge on explanation. Mathews v. The State, 32 Texas Crim. Rep., 355. Furthermore, the defendant adduced evidence in this case showing, or tending to show, that he came into possession of the hogs some two or three days after the prosecution showed by its evidence that they were taken, and the court failed to present to the jury any charge upon this distinct matter of the defense set up by him. If defendant was not present and participating in the original taking of the hogs, in such manner as to constitute him a principal, he could not be convicted of theft, and the jury should have been so informed, and in that connection should have been told, that the receiving of the hogs after they had been stolen, though with guilty knowledge on the part of the defendant, would not authorize them to convict him. In this case no exception was taken to the charge of the court or to its failure to charge, and no charges were asked; but it is the duty of the court, without request, to give in charge to the jury, on behalf of the defendant, every defense reasonably called for by the evidence adduced; and in this case, in our opinion, the evidence demanded of the trial judge that he should instruct the jury upon the phases of the defense before suggested, and for his failure to do so, this case is reversed and remanded.

*Reversed and remanded.*

Judges all present and concurring.