### ROBERT HORNE v. THE STATE.

No. 16239. Delivered January 17, 1934.
Reported in 67 S. W. (2d) 316.

The opinion states the case.

*Herman G. Nami,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

Property, consisting of watches, guns, knives, etc., stolen during the night of November 1, 1932, from a burglarized store situated some sixty miles from Waco, on the highway leading from San Antonio, Texas, to Waco,—was found in a car in Waco, which car was occupied by appellant and three other negroes, the car being found about 12 o'clock on the night of November 3, 1932. Testifying as a witness in his own behalf, appellant said he did not own the car, and knew nothing of its contents, but admitted that he lived in San Antonio, and came from there to Waco on the night of October 31, 1932. This we think a sufficient statement of the facts. The state showed that the car in which appellant and his party were riding when arrested in Waco, was stolen in San Antonio about November 1, 1932. Appellant having taken the stand as a witness in his own behalf, the state was allowed to prove that he was under indictment in San Antonio for theft.

It was not necessary to give a special charge asked by appellant, in substance, that he could not be convicted upon proof of possession of the recently stolen property, unless his possession was recent, personal and exclusive, and involved a conscious assertion of ownership,—in view of the court's correct presentment in the charge of the law of possession of recently stolen property. This is complained of in bill of exceptions No. 1. It was also correct for the court to allow proof of the fact that appellant had been indicted for felony. He had assumed the attitude of a witness in the case, and such testimony was admissible as affecting his credibility, if the jury believed it did so. Appellant's denial of knowledge of such indictment would not afford ground for the rejection of such proof. Bill of exceptions No. 4, in substance, presents the same complaint as his first bill of exceptions. We see no need for discussing same further.

Bill of exceptions No. 5 complains of the court's charge on the effect of possession of recently stolen property, and we believe such complaint not well founded. Said charge was not only not excepted to by appellant, but was verbally sanctioned and requested by appellant's counsel. Similar charges appear to be upheld by this court in Williams v. State, 98 S. W., 246, and Wheeler v. State, 30 S. W., 913.

No error appearing, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.