JOSE MARTINEZ V. THE STATE.

No. 16857. Delivered June 20, 1934.

The opinion states the case.

*F. H. Woodard* and *John J. Pichinson,* both of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The facts, briefly stated, are as follows: On or about the 22nd day of May, 1933, the store of Harry Sheinberg was forcibly entered and a quantity of merchandise taken therefrom. A day or two later the appellant, Antonio Gonzalez, Juan Barraza, and Joe Martinez were arrested and charged with the offense. The appellant informed the officers that they had the property stored at his father-in-law's home and he offered to take the officers there and show them the stolen property. Upon arriving at the home of his father-in-law they discovered that the property had been moved, whereupon the appellant and Juan Barraza led the officers some three or four miles out in the country and showed them the stolen property which was hidden in some brush. The officers returned this property to Harry Sheinberg, the owner. On the trial the State introduced E. L. Flint, city detective of the city of Corpus Christi, who testified to the arrest of the appellant and Juan Barraza and of the statements made by the appellant to him which led to the recovery of the stolen property. The State next introduced Harry Sheinberg who testified that his store had been forcibly

entered about the 22nd day of May, 1933, and the following property taken therefrom, to-wit: Approximately 50 silk dresses, 12 suits, and several pairs of shoes; that the store was entered without his knowledge and the property taken therefrom without his consent. The appellant did not testify nor did he offer any testimony which would raise any defensive issue.

By bill of exception No. 1 the appellant complains of the action of the trial court in overruling his request for peremptory instruction of not guilty. We do not believe that the court committed any error in this respect as the testimony offered in behalf of the State, if believed by the jury, was sufficient to warrant the conviction.

By bill of exception No. 2 the appellant complains of the action of the trial court in giving the following instruction to the jury: "You are further instructed that if you believe that the personal property described in the indictment had been stolen from Harry Sheinberg and that recently thereafter the defendant was found in possession of the same, and when his possession was first questioned he made an explanation of how he came by his property, and you believe that such explanation is reasonable and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then you will consider said explanation as true, and acquit the defendant. If, on the other hand, you believe such explanation, if any, was unreasonable, and did not account for defendant's possession in a manner consistent with his innocence, or if you believe that same accounted for defendant's possession in a manner consistent with his innocence, but you further believe that the State has shown the falsity thereof, then you will take the possession of defendant, together with his explanation, if any, in connection with all the other facts and circumstances, if any, in evidence, into consideration, and if you believe the defendant is guilty beyond a reasonable doubt you will so find; otherwise you will acquit the defendant."

The appellant made the following objections to the court's charge: "Because the charge was improper and contemplates and assumes that the defendant was in possession and when questioned made an explanation of how he came by said property, whereas there was no evidence that any explanation was given by this defendant of how he came into possession or whether or not he had such possession, and further the charge contemplates an explanation by the defendant which may be either found to be consistent or inconsistent with his innocence, whereas no fact whatever had been testified to tending to show

any such explanation." The charge complained of is identically the same as the charge approved by this court in the case of Wheeler v. State, 34 Texas Crim. Rep., 350, and also in the case of Yantis v. State, 65 Texas Crim. Rep., 564. The appellant did not by any evidence raise any defensive theory or issue. It is true that the charge with reference to the possession of recently stolen property was not based upon any testimony, yet it was a charge upon a defensive theory which was beneficial to the appellant, and therefore he cannot be heard to complain as no injury could possibly result to the appellant from the giving of such charge. In the case of Pinson v. State, 94 Texas Crim. Rep., 517, this court, speaking through Judge Lattimore, said: "We are forbidden by the terms of Art. 743 of our Code of Criminal Procedure, to reverse cases for errors in charges unless we are able to conclude such errors productive of harm to the rights of the accused. We cannot escape the conclusion that this case is within that class where no harm resulted from the charge as given." We therefore overrule the appellant's contention.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.