## CHARLIE RICE V. STATE

No. 25312. June 6, 1951.
Rehearing Denied October 10, 1951.

Hon. R. B. Cross, Judge Presiding.

*Theo. P. Henley*, and *Archer & San Miguel*, by *Van Henry Archer*, San Antonio, for appellant.

*Howell E. Cobb*, District Attorney, Comanche, *T. R. Mears*, County Attorney, and *Harry W. Flentge* (Special Prosecutor), Gatesville, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is cattle theft; the punishment, ten years.

No contention is made on the sufficiency of the evidence to support the verdict.

Appellant's one bill of exception complains of the failure of the court to charge on an issue suggested by the following objection:

"That in order to convict the defendant in this case, the jury must believe from the evidence beyond a reasonable doubt, that the defendant took the cattle in question from the possession of H. L. Hallmark. If any person other than the defendant took the cattle and it came into the possession of the defendant after the original taking, then the jury should acquit the defendant regardless of whether or not he knew said cattle has been stolen by another, and if the jury has a reasonable doubt upon this point, the jury should acquit the defendant. In this connection, the Court should have informed the jury that the original taking was completed when the cattle was loaded and taken from the pasture of H. L. Hallmark, and that unless the defendant was connected with such loading and removing of the cattle from the pasture of H. L. Hallmark, he should be acquitted or in the alternative, to define the term 'original taking.' "

We now examine the very able trial court's charge to determine if appellant's defense or defenses were actually charged upon.

Appellant testified that he bought the cow in question some eleven days after the alleged theft from one Frank Byers. Appellant having testified, he made his own defensive theory and is bound thereby. The Court charged that if they believed that he bought the cow from Byers or had a reasonable doubt thereof, they should acquit him.

Appellant pleaded alibi on the day the cow was alleged to have been stolen. The court properly charged on alibi, a part of which reads as follows:

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed, at the time of the commission of the same, if same was committed, you will give the defendant the benefit of such doubt, and find him not guilty."

The case was based on circumstantial evidence. The court so charged the jury.

Appellant cites us Wheeler v. State, 34 Tex. Cr. R. 350, 30 S.W. 913, as authority for his objection to the charge. As we view that holding, the case was reversed because of the court's failure to charge on the defenses of purchase and alibi. As has been shown above, this was done in the case at bar.

We do not feel that the facts in the other cases cited by appellant are sufficiently similar to warrant a discussion thereof. We feel that the charge as given covered the defensive issues raised by the evidence and that, therefore, there was no error in overruling appellant's objection to the charge.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

By motion for rehearing, supported by able oral presentation, appellant insists that we were in error in holding that the trial court did not err in failing to instruct the jury as pointed out in the original opinion.

Appellant's guilt is made to depend upon the circumstance of his possession of the recently stolen cow.

He admitted that at one time he had possession of the stolen cow and that he sold her to Hargrove, in whose possession the cow was found and identified by the owner. Appellant explained his possession of the cow by saying that he purchased her from one Byers. Byers denied such purchase.

In addition to the defense of purchase, appellant presented the defense of an alibi by testimony to the effect that he was at another and different place when the theft occurred.

The trial court submitted both of these affirmative defenses to the jury and as to the defense of purchase, instructed the jury that if they entertained a reasonable doubt that he purchased the cow from Byers to acquit him.

We remain convinced that, under the testimony, the charge of the court fully protected appellant's rights.

Appellant insists that the holding in Thornton v. State, 136 Tex. Cr. R. 560, 127 S. W. 2d 197, supports his contention.

The Thornton case was reversed because of a failure to charge upon circumstantial evidence. Here, the trial court charged upon that phase of the law. We are unable to conclude that the Thornton case is here controlling.

The motion for rehearing is overruled.

Opinion approved by the court.