Wilbur Austin MAXWELL,
III, Appellant,

v.

The STATE of Texas, Appellee.

No. 62445.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 17, 1980.

On Rehearing Oct. 21, 1981.

State's Motion for Rehearing Denied
March 17, 1982.

C. C. Divine, Marian S. Rosen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and Lewis Dickson, III, Asst. Dist. Atty's., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for theft over $200. Punishment is imprisonment for five years.

Appellant challenges the sufficiency of the evidence to sustain his conviction and raises numerous other grounds of error. We find that the evidence is insufficient, and reverse the cause. We do not discuss the other grounds of error.

The indictment alleged that appellant:
... appropriate[d] property, namely, one ring, owned by Allen Buvinghausen, hereafter styled the Complainant, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant.

The alleged conduct constitutes the offense of theft under V.T.C.A. Penal Code, § 31.-03(a) and (b)(1).

At the time of the commission of the offense appellant and Buvinghausen worked at Pasadena Auto Parts Company in Pasadena. On several occasions appellant complained to Buvinghausen of being unable to support his family on the wages he was making at the company. Buvinghausen suggested that appellant's wife work for him as a housekeeper. An agreement was reached, and appellant's wife, Gemey Maxwell, accompanied appellant to work the next morning. Buvinghausen took Mrs. Maxwell to his house, showed her what to do, and then returned to work. When Buvinghausen went home that evening he discovered that a diamond ring which he had hidden in a dresser drawer was missing.

When appellant came to work two days later, Buvinghausen asked him whether he knew anything about the missing ring. Appellant replied that he knew nothing about the ring. An hour later he left work, then returned with a ring which he presented to Buvinghausen, stating "here's your ring." Buvinghausen saw that it was not his ring, and called the police. Appellant was apprehended.

Subsequently Buvinghausen was called to the Longhorn Pawn Shop in Pasadena. He was shown a diamond ring which he identified as the one taken from his dresser. According to I. G. Garrison, owner of the pawn shop, appellant pawned the ring for $30 on the date of the offense.

The state introduced appellant's written confession in evidence. It reads in pertinent part:

... Last Thursday or Friday, a guy that I work with named Allen, asked me if my wife would be interested in a job cleaning up his house. I think that his wife is divorcing him. Then on this past Tuesday, November the 15th, my wife did go to his house at 1302 Pecan and clean his house up. I brought her to work with me that day and Allen took her over to his house. Then sometime that day, about noon, I went to Allen's house to pick Gemey up. I went to the back sliding glass door and knocked and went in. I stayed there about a half hour. I need to change the statement I just made about going in the back door, I really went in the front.

After we left Pecan Street, we were driving down the street and my wife showed me a gold ladies ring with 11 diamonds in it. She asked me to find out how much it was worth. I asked her where she got it but she didn't say and I didn't ask. I drove to the Longhorn Pawn Shop and we both went in and a guy waited on us, and offered thirty dollars for it. I pawned the ring and got the money and left.

V.T.C.A. Penal Code, § 31.03 provides in pertinent part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; or

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another.

Although in enacting the present penal code the Legislature consolidated the former theft-related offenses into one general offense of theft, see V.T.C.A. Penal Code, § 31.02, it saw fit to continue the distinction between ordinary theft and receiving stolen property by providing two separate and distinct ways that an appropriation of property can be unlawful. § 31.03(b)(1) and (b)(2), supra.

The theory of theft set forth in § 31.03(a) and (b)(1) requires that the actor participate, either personally or by acting as a party, in the initial unlawful appropriation of the property. If the actor does not participate in the initial unlawful appropriation, but simply exercises control over the previously stolen property knowing that the property was stolen by another, he is guilty of theft only under the theory set forth in § 31.03(a) and (b)(2). Compare the former offense of receiving stolen property, provided in Art. 1430, V.A.P.C. (1925).

In the present case the state prosecuted appellant for the offense of theft as set forth in § 31.03(a) and (b)(1). Contrary to the state's theory of the case, however, appellant's confession affirmatively showed that he did not participate in the theft of the ring from Buvinghausen's residence. According to appellant's confession his first knowledge of the theft of the ring came when his wife showed him the ring, *after* they left Buvinghausen's residence. By this time the theft of the ring from the residence was complete. See *Barnes v. State*, 513 S.W.2d 850 (Tex.Crim.App.1974); *Baker v. State*, 511 S.W.2d 272 (Tex.Crim.App. 1974). Appellant only helped *sell* the ring.

Because the state introduced the confession in evidence, it was bound by the exculpatory portion of the confession. See *Rich-*

*ards v. State*, 511 S.W.2d 5 (Tex.Crim.App. 1974); *Medina v. State*, 296 S.W.2d 273 (Tex.Crim.App.1956); *Otts v. State*, 116 S.W.2d 1084 (Tex.Crim.App.1938).

Appellant possibly was guilty of theft under § 31.03(a) and (b)(2), or hindering apprehension or prosecution under V.T.C.A. Penal Code, § 38.05. He was not guilty of theft under § 31.03(a) and (b)(1) because he had no knowledge of the initial unlawful appropriation of the ring until after the appropriation had been accomplished. We refuse to hold that a person who does not participate in the initial theft but who only helps dispose of the stolen goods is guilty as a party to the offense of theft under § 31.03(a) and (b)(1). To do so would effectively render the offense of theft under § 31.03(a) and (b)(2) a nullity. Compare *Clark v. State*, 237 S.W. 260 (Tex.Crim.App. 1922); *Jones v. State*, 122 S.W. 31 (Tex. Crim.App.1909).[1]

Even assuming the state were not bound by the exculpatory portion of the confession, the conviction cannot stand. Clearly there is insufficient evidence to show that appellant, acting alone, stole the ring from Buvinghausen's residence. To hold the evidence sufficient on this basis would be to wholly ignore the reasonable hypothesis that appellant's wife stole the ring.

Moreover, the evidence is insufficient to show that appellant was a party to the theft of the ring from Buvinghausen's residence. Appellant did not take his wife to Buvinghausen's residence on the date of the offense. Although appellant picked his wife up at Buvinghausen's residence, there is no evidence to indicate that appellant conspired with his wife prior to the theft, or encouraged or aided her in any way in committing the theft.[2] Mere presence at

---

1. The jury in this case recognized the basic failure of the state's case. One of the jury's notes to the court reads as follows:

    Judge Tipps
    Question of law:
    (1)(a) Does disposing or selling of stolen property constitute theft?
    (b) If the answer to this is no, then why wasn't the charge that of "selling stolen property?"

   (2) Request entire transcript of testimony. In response to question one the court stated that the jury had received all the law applicable to the case.

2. V.T.C.A. Penal Code, § 7.02(a)(2) provides that a person is a party to an offense if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense."

the scene does not make one a party to the offense. *Ex parte Prior*, 540 S.W.2d 723 (Tex.Crim.App.1976); *Johnson v. State*, 537 S.W.2d 16 (Tex.Crim.App.1976).

In the absence of a showing of appellant's participation in the theft of the ring from the residence, or the existence of a common design and purpose on the part of appellant and his wife to commit the theft, we conclude that the evidence is insufficient to sustain the conviction. *Wygal v. State*, 555 S.W.2d 465 (Tex.Crim.App.1977); see *Suff v. State*, 531 S.W.2d 814, 817 (Tex.Crim. App.1976).

The dissent urges that there is sufficient evidence to show that appellant knew his wife stole the ring. There is no dispute that at the time appellant sold the ring he knew it was stolen. Moreover, appellant's attempt to give Buvinghausen a substitute ring indicates that appellant knew the ring had been stolen. These acts do *not* show, however, that appellant participated in the theft of the ring from the house. Appellant's first exposure to the ring may have been when his wife showed it to him in the car, after they left the house, and after she had stolen it acting entirely on her own.

The dissent goes on to charge that we overlook "the several different ways that theft can be committed ... Trying to conceal the ring after learning that it was stolen was sufficient proof to support the conviction." This is incorrect. Section 31.-03(b)(1) and (b)(2) set forth two separate and distinct theories of the offense of theft. A conviction under one theory cannot rest on an indictment alleging the other theory. See *Ex parte Cannon*, 546 S.W.2d 266 (Tex. Crim.App.1976, Opinion on State's Motion for Rehearing); *Reynolds v. State*, 547 S.W.2d 590 (Tex.Crim.App.1977, Opinion on State's Motion for Rehearing). Appellant was charged with theft under § 31.03(b)(1), supra. The state proved an offense under § 31.03(b)(2).

Under either theory of theft the property at some point is taken without the owner's effective consent. The dissent would allow the state to allege (b)(1) theft, i.e. that the defendant appropriated the property without the effective consent of the owner, and then prove (b)(2) theft, i.e. that the property was stolen by someone other than the defendant, and the defendant subsequently appropriated it knowing it was stolen. As was pointed out earlier, this would render theft under § 31.03(b)(2) a nullity. The state simply could allege the (b)(1) theory in all theft cases and be assured of a conviction whether the proof showed (b)(1) or (b)(2) theft. This would not provide the defendant with adequate notice of the offense charged. Further, to adopt this position would be to presume that the legislature included a provision in the theft statute for no reason. We reject the dissent's position.

The judgment is reversed and the trial court is directed to enter a judgment of acquittal.[3]

DOUGLAS, Judge, dissenting.

There are enough facts and circumstances set out in the majority opinion to show that appellant knew his wife stole the ring to disprove the statement in the confession.

Appellant took the ring to the pawn shop and left it the day it was stolen. When confronted about the stolen ring, he brought another ring to the victim claiming that it was the ring that belonged to the victim—when it was in truth not that ring. He was still trying to conceal the stolen ring that he could have redeemed at the pawn shop.

The majority overlooks the several different ways that theft may be committed. It was not necessary that the appellant knew that his wife had planned to steal the ring. Trying to conceal the ring after learning that it was stolen was sufficient proof to support the conviction.

The judgment should be affirmed.

Before the court en banc.

---

3. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Mas-* sey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

## OPINION ON STATE'S MOTION FOR REHEARING

DALLY, Judge.

The majority of the panel hearing this appeal on original submission ordered reversal of the judgment. We have now considered the State's Motion for Rehearing and conclude the majority of the panel incorrectly ordered reversal of the judgment on the ground it considered, but in considering other grounds of error the judgment must still be reversed.

The decision of the majority of the panel is based on a finding that "... appellant's confession affirmatively showed that he did not participate in the theft of the ring ..." and that the State is "... bound by this exculpatory portion of the confession." The panel's majority opinion says:

"According to appellant's confession his first knowledge of the theft of the ring came when his wife showed him the ring, *after* they left Buvinghausen's residence. By this time the theft of the ring from the residence was complete."

The appellant's confession in part states:

"After we left Pecan Street, we were driving down the street and my wife showed me a gold ladies' ring with 11 diamonds in it. She asked me to find out how much it was worth. I asked her where she got it but she didn't say and I didn't ask. I drove to the Longhorn Pawn Shop and we both went in and a guy waited on us, and offered thirty dollars for it. I pawned the ring and got the money and left."

■ When the State offers in evidence a defendant's statement a portion of which is exculpatory, the State is bound by the exculpatory portion of the statement unless it is refuted by other evidence. *Palafox v. State*, 608 S.W.2d 177 (Tex.Cr.App.1979); [1] *Glover v. State*, 566 S.W.2d 636 (Tex.Cr. App.1978); *Pope v. State*, 505 S.W.2d 556 (Tex.Cr.App.1974). However, the inference of untruth may be drawn by the jury from all of the evidence including any inconsistencies in the statement itself or from any inconsistencies between the exculpatory portions of the statement and other evidence. *Nichols v. State*, 110 Tex.Cr.R. 432, 10 S.W.2d 109 (1928); *Pope v. State*, supra; *Gragg v. State*, 152 Tex.Cr.R. 386, 214 S.W.2d 292 (1948).

■ The panel failed to consider an important sentence in the appellant's statement which is in conflict with the portion of the statement found by the panel's majority to be exculpatory. That sentence which appears in the statement before the part quoted in the majority opinion, reads: "This statement that I am giving is about a theft that I was involved in along with my wife Gemey." This sentence in the statement and other evidence admitted, which will be summarized, if believed by the jury, is amply sufficient to disprove that portion of the statement construed as exculpatory.

The appellant told a fellow employee that he was in need of money. The appellant obtained for his seventeen year old wife a job cleaning a fellow employee's house. On the first day she worked the appellant went to get his wife at noon; he entered the house before they left. The appellant immediately went to the pawn shop; the manager of the pawn shop testified the appellant was alone. When he pledged the ring the appellant made a written statement that he was the absolute owner of the ring and that it was free and clear of any encumbrance or claim whatsoever. The ring had a retail value of $750; the appellant pawned it for $30. The appellant did not go to work until the second day after the ring was stolen. The complainant asked about the ring, and the appellant denied knowing anything about it. An hour later the appellant left work and returned with a ring which he gave to the complainant stating this was the complainant's ring; however, it was not the complainant's ring. Although some of this evidence concerns what happened after the ring was taken from the place where it was hidden in the house, it is circumstantial evidence bearing on the appellant's knowledge and participa-

1. See Dissent for writer's view.

tion in the taking of the ring. This evidence, under the long established law already cited, is sufficient to disprove that portion of the confession found to be exculpatory.

■ The jury was instructed without objection that it could find the appellant guilty of theft either acting alone or with another. The appellant's possession of and his assertion of ownership in the ring he pawned which had been recently stolen were in the circumstances of this case sufficient to support the jury's verdict finding the appellant guilty of the offense of theft. *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *Prodan v. State*, 574 S.W.2d 100 (Tex.Cr.App.1978); *Mulchahey v. State*, 574 S.W.2d 112 (Tex.Cr.App.1978); *Rodriguez v. State*, 549 S.W.2d 747 (Tex.Cr.App.1977); *Sirabella v. State*, 492 S.W.2d 571 (Tex.Cr.App.1973); *Tyler v. State*, 478 S.W.2d 542 (Tex.Cr.App.1972); *Stubblefield v. State*, 372 S.W.2d 539 (Tex.Cr.App.1963).

We will now consider the ground of error in which the appellant argues that his connection with the theft was not disclosed by direct evidence, and that the trial court improperly refused to instruct the jury under the law on circumstantial evidence. This ground of error was properly preserved for review in the trial court.

It was alleged that "on or about November 15, 1977, [Wilbur Austin Maxwell, III] did then and there unlawfully appropriate property namely, one ring, owned by Allen Buvinghauser, hereafter styled the complainant, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the complainant of the property, and without the effective consent of the complainant."

V.T.C.A. Penal Code, Sec. 31.03, provides:
"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's consent, or

"(2) the property is stolen and the actor appropriates the property knowing it was stolen by another."

The indictment is under V.T.C.A. Penal Code, Sec. 31.03(a), (b)(1), since it does not allege that the appellant obtained the ring from another knowing it was stolen, V.T.C.A. Penal Code, Sec. 31.03(a), (b)(2).

Although the appellant and the State argue in their briefs before us as to the theory of theft under which the appellant was indicted and tried, it appears that there is no direct evidence to support either theory. To convict under either theory discussed by the parties, there must be direct evidence showing (1) that the appellant *knew* that the ring was stolen when he pawned it, V.T.C.A. Penal Code, Sec. 31.03(a), (b)(2), or (2) that appellant *took* the ring, V.T.C.A. Penal Code, Sec. 31.03(a), (b)(1).

If the theory of the theft is that the appellant obtained possession of the ring after it was stolen and disposed of it *knowing* it had been stolen, there is no direct evidence that he *knew* it was stolen. Thus, the trial court would have a duty to give a charge on circumstantial evidence, even though there are strong circumstances to show he knew it was stolen. *Richardson v. State*, 600 S.W.2d 818 (Tex.Cr.App.1980).[2]

If the theory is that appellant *took* the ring there is likewise only circumstantial evidence, unless the written statement made by appellant to police officers and introduced into evidence was sufficient admission to relieve the court from its duty to submit a charge in circumstantial evidence. This is true even in a case in which defendant is charged as a party.

■ The statement made by appellant reads: "This statement that I am giving is about a theft that I was involved in along with my wife Gemey." Also contained in

---

**2.** See the dissenting opinion for the writer's view on giving a charge on circumstantial evidence.

appellant's written statement is the following: "I pawned the ring and got the money and left." Neither of these statements is an unequivocal admission of the *taking* of the ring or of appellant's *knowledge* that the ring was stolen at the time he pawned the ring. This Court has held that proof of an admission of the accused will not relieve the trial court of its duty to charge on circumstantial evidence in a theft case unless the statement is an unequivocal admission of the *taking* of the property by the defendant from the person in possession. *Thornton v. State*, 136 Tex.Cr.R. 560, 127 S.W.2d 197 (1939). In the alternative theory the court will not be relieved of the duty to charge on circumstantial evidence in a theft case unless the statement is an unequivocal admission of the defendant's *knowledge* at the time of the unlawful disposition that the property was stolen.

In this case there is proof that appellant pawned the ring after it was taken from the rightful owner. However, there is no direct evidence that appellant either took the ring or knew that it was stolen when he pawned it. There are circumstances from which appellant's theft of property may be inferred. However, when only by a process of inference can it be determined that there is a confession or admission of such taking, the trial court should have charged on circumstantial evidence.

The judgment is reversed and the cause is remanded.

ROBERTS, CLINTON and W. C. DAVIS, JJ., concur in the result.

ODOM and McCORMICK, JJ., dissenting.