Thomas Joe BOOTH, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 63872, 63873.

Court of Criminal Appeals of Texas, En Banc.

June 13, 1984.

Rehearing Denied Dec. 5, 1984.

R.L. Whitehead, Jr., Longview, for appellant.

Odis, R. Hill, Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

Thomas Joe Booth, appellant, was charged by separate indictments that on December 17, 1978, he unlawfully caused the deaths of his adoptive father and natural mother, C.L. and Betty Booth, by stabbing each of them with a knife. See V.T.C.A., Penal Code, Section 19.02(a)(1).

Pursuant to appellant's motion to consolidate the two indictments for trial purposes, the two causes were tried together. The jury twice found appellant guilty of committing the offense of voluntary manslaughter. See V.T.C.A., Penal Code, Section 19.04. After a punishment hearing, the jury assessed appellant's punishment for killing his adoptive father at ten years' confinement in the penitentiary, but recommended that the punishment be probated. For causing the death of his mother, the jury assessed appellant's punishment at fifteen years' confinement in the penitentiary. Appellant appeals both convictions. We will affirm the conviction which relates to his adoptive father, but will reverse the conviction which relates to his mother.

Appellant presents for review two grounds of error. His first ground of error relates to the conviction pertaining to the death of his mother. His second ground of error relates to the conviction pertaining to the death of his adoptive father.

Appellant asserts in his first ground of error that the trial court committed error when it refused to instruct the jury that he had the right to kill his mother in self-defense. His second ground of error asserts that the trial court erred in refusing to admit into evidence literature in the form of books and magazines that were allegedly pornographic. The literature was shown to have belonged to his adoptive father, which the father kept in two different residences he maintained before his untimely death.

We will first discuss appellant's first ground of error, which we find actually concerns the question whether the trial court must instruct the jury on inconsistent defensive theories when those theories appear to directly contradict one another. We answer the question in the affirmative.

The evidence concerning the first ground of error does not appear to be in conflict. The record reflects that appellant gave to law enforcement officials two versions of how his adoptive father and mother were killed. He initially informed the police that two strangers had entered the trailer home where he and his parents lived, after which the two strangers stabbed both his adop-

tive father and mother, which he claimed caused their deaths. The record also reflects that not long after appellant had made the first statement to the police, he signed a written statement in which he set out facts which show that he had first stabbed his adoptive father in self defense, and then stabbed his mother in self defense.

The record further reflects that at trial the prosecution had admitted into evidence the inculpatory portion of the written statement appellant had given to the police, but had excluded from evidence the exculpatory portion of the statement, which portion of the statement appellant's trial counsel subsequently had admitted into evidence. We find, and the State does not deny, that the exculpatory portion of the statement reflects that appellant killed his mother when acting in self-defense.*

At trial, appellant presented another and different version of how his parents were killed. He testified that he did not stab his mother but came to her defense when his adoptive father was stabbing the mother, after which he stabbed his adoptive father in self-defense and in defense of his mother.

The trial court instructed the jury that it could acquit appellant of killing his adoptive father if it believed or had a reasonable doubt he killed his father in self-defense. The jury was also instructed that it could acquit appellant if it believed or had a reasonable doubt he killed his father when he was defending his mother.

Appellant asserts in his first ground of error that the trial court committed reversible error in failing to instruct the jury with reference to the theory that appellant was acting in self-defense with reference to Betty Booth.

It is well recognized in this State that when properly requested, the trial court must instruct the jury on every defensive theory raised by the evidence or testimony, and it makes no difference whether such evidence or testimony was produced by the prosecution or the accused, or whether such defensive evidence or testimony might be strong, weak, unimpeached, or contradicted. In summary, if a defensive theory is raised, and the trial court is timely and properly requested to instruct the jury on that theory, the trial court must instruct the jury on the raised defensive theory. It is the trier of the facts, and no one else, who has the responsibility to decide whether to accept or reject the defensive theory. *Thompson v. State*, 521 S.W.2d 621 (Tex.Cr.App.1974). Also see *Warren v. State*, 565 S.W.2d 931 (Tex. Cr.App.1978).

The State argues in its brief that when appellant testified, he became bound by the defensive theories of self-defense and defense of another. It relies upon *Rice v. State*, 156 Tex.Cr.R. 366, 242 S.W.2d 394, 395 (1951), as authority for its position. The State, however, does not point out whether more than one opinion was handed down by this Court in *Rice*.

We have carefully read *Rice v. State*, supra, and find that this Court actually handed down two opinions in that cause; an original opinion that was authored by Judge Morrison and an opinion on appellant's motion for rehearing that was authored by commissioner but later Judge Davidson. As noted, the State in its brief did not inform us of which opinion it was referring to, but it quotes the following statement in its brief: "Appellant having testified, he made his own defensive theory and is bound thereby." It refers us to page 395 of the opinion. We have carefully read all of page 395, and find that the

---

* The portion of the confession which we find reflects self-defense is the following: "Then my mother ran into my room and I followed her to calm her down. She grabbed a bottle that was in my room and started hitting me with it. I tried to stop her and then stabbed her. About that time my dad came running in and grabbed me and threw me down the hall and got on top of me and tried to put my eyes out. I stabbed him several times and crawled out from under him. Then Mother started throwing plastic [sic] of paris figures at me. Then she started reaching under the couch and I thought she [was] getting a gun so I stabbed her some more."

quote is from the original opinion authored by Judge Morrison. However, we also find that the opinion on rehearing does not support the State's position, namely, that if the accused testifies to one defensive theory, he is bound by that defensive theory, even though the evidence or testimony might present another defensive theory.

Our research reveals that after *Rice v. State*, supra, was decided, the principle of law the State asks us to invoke and apply to this cause has been approved only in the dissenting or concurring opinions of Judge Morrison, who was joined in one opinion by Judge Douglas. See *Wickware v. State*, 488 S.W.2d 127 (Tex.Cr.App.1972) (Morrison, J., concurring opinion); *Garcia v. State*, 492 S.W.2d 592 (Tex.Cr.App.1973) (Morrison, J., dissenting opinion); *Shaw v. State*, 510 S.W.2d 926 (Tex.Cr.App.1974) (Morrison, J., dissenting opinion, joined by Judge Douglas, on appellant's motion for rehearing, which was granted.) Also see *Thompson v. State*, 521 S.W.2d 621 (Tex.Cr.App.1974), in which Judges Morrison and Douglas both wrote dissenting opinions, with Judge Morrison relying in part upon the dissenting opinion he had filed in *Shaw v. State*, supra.

Thus, the principle of law the State asks us to adopt and apply to this cause has never been approved by this Court. In each instance when this Court was given the opportunity to adopt the principle of law that Judge Morrison stated in the opinion he authored on original submission in *Rice v. State*, supra, it has implicitly, if not expressly, declined to do so.

■ To the contrary, this Court has expressly recognized the principle of law that it is permissible for the accused to have the jury decide inconsistent defensive theories, even when they might directly contradict one another. See *Warren v. State*, 565 S.W.2d 931 (Tex.Cr.App.1978). Also see *Shaw v. State*, supra; *Garcia v. State*, supra; and *Thompson v. State*, supra. Today, we reaffirm that principle of law.

In *Thompson v. State*, supra, at page 624, this Court stated the following: "The State's contention, [that based upon the

evidence presented by the prosecution, the defendant was either guilty of the offense charged, or, as he testified, guilty of no offense, and thus not entitled to an instruction to the jury on a contradictory defensive theory of how the offense occurred], ignores the proposition that the jury may accept or reject all or a part of a witness' testimony, and even though a part of that testimony is in conflict with or is contradicted by other evidence, the jury may give credence to that part of the testimony." [Citations omitted].

In *Thompson v. State*, supra, the facts showed that the State's witness, a police officer, testified that the defendant pointed and fired a pistol at him. The defendant testified that although he fired a pistol, he did not fire the pistol toward the officer, and did not intend to endanger anyone when he shot the pistol. The defendant was tried and convicted for committing the offense of assault with the intent to murder a peace officer.

This Court held in *Thompson v. State*, supra, that the defendant in that cause was entitled to an instruction on the lesser included offense of aggravated assault. At page 624 of the opinion, the Court pointed out the following: "The jury in the present case could have *reasonably* rejected the appellant's testimony that he did not fire at the officer; it could have *reasonably* believed the officer's testimony that the appellant did fire the pistol at him at close range; it could have *reasonably* believed the appellant's testimony that he did not intend to kill the officer. The appellant had the right to have the jury and not the court decide these issues from the evidence from proper instruction." [Emphasis in the original]. Also see *Lugo v. State*, 667 S.W.2d 144 (Tex.Cr.App.1984); *Torres v. State*, 585 S.W.2d 746 (Tex.Cr.App.1979); *Branham v. State*, 583 S.W.2d 782 (Tex.Cr.App.1979); *Steen v. State*, 88 Tex.Cr.R. 256, 225 S.W. 529 (1920); *Moore v. State*, 574 S.W.2d 122 (Tex.Cr.App.1978).

■ In this instance, there is no question but that the testimony appellant gave from

the witness stand contradicted the defensive theory that is present in the exculpatory portion of his written statement, namely, that he killed his mother in self-defense. Nevertheless, the jury, as the trier of the facts, was entitled to determine the credibility of that evidence. It was the responsibility of the jury to accept or reject the various versions appellant gave as to how the killings took place, or it was free to accept the State's version that was presented through the inculpatory portion of appellant's written statement.

The jury, however, was not instructed on the version that appellant killed his mother in self-defense. We hold that the jury was entitled to accept or reject that defensive theory. The trial court committed reversible error in refusing to instruct the jury on that defensive theory. Appellant's first ground of error is sustained.

Appellant asserts in his second ground of error that the trial court erred by refusing to admit certain exhibits into evidence. This ground of error relates to his conviction for causing the death of his adoptive father. The exhibits consist of 454 books and magazines, which we are informed run the gamut of how human beings might engage in sexual relations with other human beings, as well as how they might engage in bestiality.

Appellant's counsel asserts that V.T. C.A., Penal Code, Section 19.06, authorized the introduction of the exhibits. In this instance, we must totally disagree with counsel.

Section 19.06, supra, provides that in a prosecution for murder or voluntary manslaughter, either the prosecution or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing of the deceased and the previous relationship existing between the defendant and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the defendant at the time the offense was committed.

Appellant's counsel on appeal claims that the exhibits were relevant to show the condition of the mind of appellant at the time he stabbed his adoptive father, the relationship that previously existed between the adoptive father and appellant's mother, or the relationship that previously existed between appellant and his mother. Counsel cites us to no cases, and our research fails to reveal any, which would support his position.

■ Counsel would be correct if the exhibits had shed light on the killings, or on the previous relationship between appellant and his father, or if they had been relevant to show the condition of the mind of appellant at the time he stabbed his adoptive father, such would have been admissible evidence under Section 19.06, supra. However, "there was no showing by the Appellant that the Books and Magazines were related to the killings; that they were the subject of the argument which resulted in the stabbings; or that they played any role whatsoever during the affray. At most, the testimony shows that C.L. Booth maintained the Books and Magazines in his two separate residences and, on occasion, read the materials." (Page 11 of the District Attorney's Brief.)

We hold that under the facts and circumstances of this cause the exhibits were totally irrelevant to any issue that the jury had the responsibility to resolve. Appellant's ground of error is overruled. Also see *Love v. State*, 533 S.W.2d 6, 11 (Tex.Cr. App.1976), and C. McCormick & Ray, *Texas Evidence*, Section 1493 (2d ed. 1956).

Having disposed of appellant's grounds of error, it is ordered that the judgment of the trial court relating to appellant's conviction for the voluntary manslaughter of his adoptive father, C.L. Booth, be affirmed. It is further ordered that the judgment of the trial court relating to appellant's conviction for the voluntary manslaughter of his natural mother, Betty Booth, be reversed and the cause remanded to the trial court.

ONION, P.J., and CAMPBELL, J., concur in the result.

W.C. DAVIS, J., dissents.