**Opinion issued August 13, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00684-CR

_____

**DAVID MICHAEL BRYANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 16CR2992**

---

## MEMORANDUM OPINION

David Michael Bryant was indicted for the felony offense of evading arrest in a motor vehicle. A Galveston County jury found Bryant guilty of the offense, and the trial court sentenced him to five years in prison and suspended imposition of the sentence, assessed three years of community supervision and assessed a $1,000 fine.

In a single issue, Bryant contends on appeal that the trial court's failure to instruct the jury on the defense of involuntary intoxication constituted error that caused him egregious harm. We hold that Bryant failed to preserve this issue for review and therefore affirm.

**Background**

In the early morning hours of November 5, 2016, a patrol officer with the Kemah Police Department was dispatched to a bar to address a disturbance that started after the bartender refused to serve an individual. Before the officer arrived, the individual left the bar in a black pickup truck. The officer encountered a truck that matched the description and confirmed that the license plate number matched the one given when the disturbance was reported.

After the officer turned on his emergency lights, and the pickup stopped, but the pickup accelerated rapidly. The officer pursued the pickup, which was driving at speeds in excess of 100 miles per hour, failing to stay within one lane, and nearly striking several vehicles. Eventually, several officers joined the pursuit and used their patrol cars to surround the pickup. Bryant, the truck's driver, was arrested.

Bryant testified that a medical issue he has had since 2014 causes chronic pain, for which doctors prescribed acetaminophen with codeine and diazepam. The day and evening of the incident, Bryant took those medications about every four hours. According to his testimony, Bryant blacked out shortly after taking a third

dose of each medication at about 5:00 P.M. and does not remember anything that happened after that until he awoke in jail the following morning.

Bryant did not request, and the trial court did not submit, a jury instruction on the defense of involuntary intoxication.

## DISCUSSION

Bryant contends that the trial court erred by not including an involuntary-intoxication instruction sua sponte in the charge because it prevented the jury from considering whether he lacked the intent to intentionally evade arrest. The State responds that Bryant was required to make his own request for the defensive instruction or object to its omission and, because he did not, he waived this contention for appeal.

The jury charge must include an instruction on any defensive theory raised by the evidence and timely requested by the defendant. *Booth v. State*, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984). On request, a defendant is entitled to a defensive instruction regardless of whether the evidence is strong or weak, unimpeached or contradicted and regardless of the trial court's opinion about the its credibility. *See Rogers v. State*, 105 S.W.3d 630, 639 (Tex. Crim. App. 2003); *Arnold v. State*, 742 S.W.2d 10, 13 (Tex. Crim. App. 1987).

Generally, the trial court has the duty to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. art.

36.14. The trial court, however, has no duty to instruct the jury sua sponte on unrequested defensive issues because they are not "the law applicable to the case." *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013); *see also Delgado v. State*, 235 S.W.3d 244, 249–50 (Tex. Crim. App. 2007) (explaining that rule that trial courts are not obliged to sua sponte submit defensive issues stems in part from rationale that decision to request defensive issue is matter of trial strategy). As a result, a defendant who fails to preserve his request for a defensive instruction cannot complain about its omission on appeal; he has procedurally defaulted his complaint. *See Vega*, 394 S.W.3d at 519.

Bryant concedes that he did not request a jury instruction on involuntary intoxication or otherwise object to the charge as submitted. We therefore hold that he waived appellate review of this issue. *See* TEX. R. APP. P. 33.1(a).

## CONCLUSION

We affirm the judgment of the trial court.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

4