**Opinion issued October 3, 2013**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-12-00604-CR

—————————————

## DANNY THOMAS JONES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1769291**

## MEMORANDUM OPINION

A jury found appellant, Danny Thomas Jones, guilty of the offense of

prostitution,[1] and the trial court assessed his punishment at confinement for four

---

[1]     *See* TEX. PENAL CODE ANN. § 43.02 (Vernon Supp. 2012).

days and a fine of $1,500. In three issues, appellant contends that he received ineffective assistance of counsel at trial.

We modify the trial court's judgment and affirm as modified.

## Background

Houston Police Department ("HPD") Vice Division Officer G. Das testified that on July 14, 2011, as part of an "undercover prostitution operation," she posed as a prostitute at an intersection in south Houston. Das wore capri pants, a t-shirt, and flip flops, which she testified was typical apparel for the area. She also wore a recording device and carried a cellular telephone. Another officer listened over the cellular telephone for any conversation Das might have with individuals on the street.

Officer Das explained that, as she was walking along the street, she saw appellant drive a car "very slowly past" her and park beside a convenience store. Appellant did not leave his car, but "maintained eye contact" with her for "what seemed like an enormous amount of time." Das approached appellant's car, pointing at herself. Appellant rolled down his window and said, "No, baby, I don't know you." Das replied, "Oh, okay. I thought you were waiting on me." Das walked away, and appellant began to drive away. Moments later, appellant turned around, parked his car against the curb across from Das, and began staring at her again.

Officer Das then crossed the street, approached appellant's open window, and asked, "Who are you looking for?"  When appellant stated, "Cynthia," Das responded that she had not seen her.  Appellant then asked Das if she was a police officer, and she replied that she was not.   Appellant asked her to "come ride with [him] then."   The recording of appellant's conversation with Das, which was admitted into evidence and played for the jury, reveals that appellant asked Das four times to get into his car.   Das declined, but told appellant, "I've got a room." He then asked, "How much are we talking about?"  Das testified that she offered to engage in a "half-and-half," which is "a street term" referring "to both oral sex and straight sexual intercourse."   When appellant said, "I want both," Das replied, "Can you go fifteen [dollars]?"  The recording and testimony reflect that appellant replied, "Yeah, come on."  Appellant then told Das that he needed to go to a bank, and she told him that she would wait for him.  Appellant drove to a nearby bank, where police officers arrested him.

**Standard of Review**

To prove a claim for ineffective assistance of counsel, appellant must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Lopez*

3

*v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that his performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State,* 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006). Appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State,* 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

Furthermore, allegations of ineffectiveness must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). When the record is silent, we may not speculate to find trial counsel ineffective. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). In the absence of evidence of counsel's reasons for the challenged conduct, an appellate court commonly will assume a strategic motivation if any can possibly be imagined and will not conclude that the challenged conduct constituted deficient performance unless the

conduct was so outrageous that no competent attorney would have engaged in it. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

## Ineffective Assistance of Counsel

In his first and second issues, appellant argues that his trial counsel's performance was deficient because he was entitled to a jury instruction on the defense of entrapment[2] and counsel failed to either request such an instruction or object to the lack of such an instruction in the court's charge.

Here, the record does not show that appellant moved for a new trial. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Appellant argues that his not raising ineffectiveness in a motion for new trial is not fatal to his claim because entrapment was "the only feasible defensive theory raised by the evidence and testimony" and no reasonable trial strategy could justify counsel's failure to raise the defense. *See Lopez*, 343 S.W.3d at 143; *Andrews*, 159 S.W.3d at 102.

To determine whether the performance of appellant's trial counsel fell below an objective standard of reasonableness for not requesting an instruction on the

---

[2] Although appellant frames his first issue as "[t]he evidence and testimony presented at trial were sufficient to a defense of entrapment," he neither asserts trial-court error nor requests specific relief on this point. Rather, he argues issue one as a predicate to issue two, namely, that he was entitled to the defense and, therefore, error lies in counsel having failed to request an instruction. Accordingly, we address appellant's first and second issues together.

defense of entrapment, we first consider whether appellant was entitled to the instruction. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

A defendant is entitled to a jury instruction on any defensive theory raised by the evidence or testimony when such an instruction is properly requested. *Booth v. State*, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984). Whether such evidence or testimony is presented by the defense or the prosecution is irrelevant, as is the strength of the evidence or testimony. *Id.*

"It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense." TEX. PENAL CODE ANN. § 8.06(a) (Vernon 2011). Conduct that merely affords a person an opportunity to commit an offense does not constitute entrapment. *Id.*

"[W]hen a defendant raises the defense of entrapment at trial, he has the burden of producing evidence to establish every element of that defense." *Hernandez v. State*, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005). Specifically, the defendant must show that (1) he engaged in the conduct charged (2) because he was induced to do so by a law enforcement agent, who (3) used persuasion or other means, which (4) were likely to cause a person to commit the offense. *Id.* (the "*Hernandez* elements"); *see* TEX. PENAL CODE ANN. §8.06. The defense has both subjective and objective elements. *Hernandez*, 161 S.W.3d at 497 n.11 (citing

6

*England v. State*, 887 S.W.2d 902, 913 & n.10 (Tex. Crim. App. 1994)). "The subjective element requires evidence that 'the accused himself was actually induced to commit the charged offense by the persuasiveness of the police conduct.'" *Id.* (quoting *England*, 887 S.W.2d at 913 n.10). The objective element requires evidence that "the persuasion was such as to cause an ordinarily law-abiding person of average resistance nevertheless to commit the offense." *Id.* "With respect to [the] objective element, prohibited police conduct can include pleas based on extreme need, sympathy, pity, or close personal friendship, offers of inordinate sums of money, and other methods of persuasion that are likely to cause the otherwise unwilling person—rather than the ready, willing and anxious person—to commit an offense." *Id.* Once the defense makes a prima facie showing of each element, the State has the burden of persuasion to disprove entrapment beyond a reasonable doubt. *Id.* at 498.

Appellant argues that he was entitled to the defense because the evidence and testimony "presented a prima facie case that establishes every element of the entrapment defense." We need not determine whether appellant met his burden under the first three *Hernandez* elements because the record does not show that he met his burden under the fourth element. *See id.*

As to the fourth element, appellant asserts only that he "established that the means used by Officer Das were likely to cause a person to commit the offense of

7

prostitution by knowingly agreeing to engage in sexual conduct for a fee." In his reply brief, appellant adds, generally, that "the record expose[s] several instances where law enforcement relentlessly attempted to induce Appellant to agree to engage in sexual conduct for a fee." Appellant asserts that the record shows that Das "continued her efforts to induce appellant to engage in criminal conduct after appellant failed to approach the officer," "appellant did not initiate any conversation with the officer, or suggest that he was looking for her," and Das introduced sexually explicit language into the conversation.

Officer Das did twice approach appellant and speak with him; however, appellant then asked her several times to get into his car. When Das refused and offered to engage in sexual conduct with appellant at a nearby motel in exchange for $15.00, appellant agreed. There is no evidence that Das used "pleas of extreme need, sympathy, pity, or close personal friendship" or any other methods of persuasion "likely to cause [an] otherwise unwilling person—rather than [a] ready, willing and anxious person—to commit an offense." *See id*. at 497 n.11. Appellant does not direct us to any evidence upon which we could conclude that an ordinary law-abiding person of average resistance would have been induced to engage in the offense of prostitution. *See id.* at 497 & n.11; *see, e.g*., *Nichols v. State*, No. 02-11-00356-CR, 2012 WL 5447941, at *4 (Tex. App.—Fort Worth Nov. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (holding

entrapment defense not raised when officer approached defendant, initiated conversation, offered to engage in sexual acts for $20.00, and defendant readily agreed); *Allen v. State*, 01-94-00990-CR, 1995 WL 149229, at *2 (Tex. App.—Houston [1st Dist.] Apr. 6, 1995, pet ref'd) (mem. op., not designated for publication) (stating that, even where officer approaches defendant and initiates conversation, court could not "conclude as a matter of law that such an inducement by the officer would cause an ordinary lawabiding person of average resistance" to agree to exchange money for sexual conduct). Here, Das merely afforded appellant an opportunity to commit the offense. *See Hernandez*, 161 S.W.3d at 498. And conduct that merely affords a person an opportunity to commit an offense does not constitute entrapment. *See* TEX. PENAL CODE ANN. § 8.06(a). We conclude that appellant has not shown that he was entitled to an instruction on the defense of entrapment.

In support of his argument, appellant relies on *Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim. App. 1992). In *Vasquez*, the court concluded that trial counsel's failure to request an instruction on the defense of necessity constituted ineffective assistance because there was evidence to support the defense. *Id*. at 951. Further, the record showed that counsel failed to conduct any independent investigation or to adequately research the law. *Id.* at 951 n.4. Here, as discussed above, the evidence presented at trial does not raise an issue on all of the elements of the

9

defense of entrapment. *See id*. at 950. Thus, even if trial counsel had requested an instruction, it would not have been available.

Further, unlike in *Vasquez*, even if the defense of entrapment had been raised by the evidence, the record is silent regarding counsel's reasons for not requesting an instruction. *See Vasquez*, 830 S.W.2d at 951 n.4. And defensive issues "frequently depend upon trial strategy and tactics." *See Okonkwo v. State*, 398 S.W.3d 689, 697 (Tex. Crim. App. 2013).

We hold that appellant has failed to show by a preponderance of the evidence that he received ineffective assistance of counsel at trial. *See Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068; *see also Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (holding first prong of *Strickland* not satisfied when counsel did not request instruction on necessity because defendant not entitled to defense).

Accordingly, we overrule appellant's first and second issues.

In his third issue, appellant argues that because his counsel "fail[ed] to request an instruction on [his] only defensive theory," he "was denied his constitutional right to a fair trial" as "the jury was precluded from giving effect to his entrapment defense." And he asserts that "defense counsel's failure to object to the jury charge or request a defensive instruction is subject to an egregious harm analysis." Having concluded that appellant has not shown that he was entitled to

an instruction on the defense of entrapment, we cannot conclude that appellant was denied his constitutional right to a fair trial on this ground.

Accordingly, we overrule appellant's third issue.

## Judgment

Finally, as the State notes, the reporter's record shows that the trial court orally pronounced appellant's punishment as confinement for "four days." However, the trial court's judgment reflects that appellant was assessed punishment of confinement for "3 days." When, as here, the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the written judgment fails to conform to the oral pronouncement of punishment, the judgment should be reformed to reflect the record of proceedings. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see* TEX. R. APP. P. 43.2(b); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("An appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so."). Although the State has not requested that the judgment be reformed, our authority to reform an incorrect judgment does not depend on the request of a party. *See Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Accordingly, we reform the written judgment to reflect that the trial court assessed appellant's punishment at confinement for four days.

## Conclusion

We modify the judgment of the trial court and affirm the judgment as modified.


Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).