# NO. 12-14-00210-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBIE DEWAYNE GRUBBS,*<br>*APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Bobbie Dewayne Grubbs appeals his convictions for capital murder and two counts of aggravated assault, for which he was sentenced to imprisonment for life without parole and two life terms, respectively. Appellant raises four issues challenging the trial court's failure to exclude certain evidence or grant a mistrial, its failure to instruct the jury on involuntary intoxication, and its failure to suppress his statements to the police. We affirm.

### BACKGROUND

Appellant was charged by indictment with capital murder and two counts of aggravated assault. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant and his wife, Deedra, attempted to kill a woman at her home and left her for dead. The woman regained consciousness and called the police. When Appellant and Deedra learned that the police were looking for them, they left town. They began having vehicle problems and got a room at a motel. Appellant shot three employees at the motel to obtain a vehicle, killing one of them. Appellant and Deedra left in the stolen vehicle.

Ultimately, the jury found Appellant "guilty" of the capital murder of one of the motel employees and the aggravated assaults of the other two. The jury assessed his punishment at imprisonment for life without parole and two life terms, respectively. This appeal followed.

## FAILURE TO GRANT MISTRIAL OR EXCLUDE EVIDENCE

In his first issue, Appellant complains that the trial court erred by denying his motion for mistrial after the jury heard him refer to his previous penitentiary trip during his police interview. Alternatively, he argues that the trial court erred by failing to exclude the interview.

## Standard of Review and Applicable Law

A trial court's denial of a mistrial is reviewed under an abuse of discretion standard, and its ruling must be upheld if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). Generally, it is presumed that the jury can and will follow a court's curative instruction to disregard objectionable testimony. *See Bauder v. State*, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). Mistrial is an extreme and exceedingly uncommon remedy that is appropriate only when it is apparent that an objectionable event at trial is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *Id.* Whether a particular error calls for a mistrial depends on the peculiar facts and circumstances of the case. *Hernandez v. State*, 805 S.W.2d 409, 413 (Tex. Crim. App. 1990).

## Analysis

At a pretrial proceeding, the State offered a full videotaped recording of Appellant's police interview for the purpose of allowing the trial court to view it and rule on the voluntariness of the statement. The following exchange occurred regarding the offer:

> PROSECUTOR: [W]e have also tendered to [defense counsel] a redacted version of those discs that we intend to introduce at trial, which takes out extraneous offenses material and things like that that are discussed between the defendant and the interrogating officers.
>
> . . . .
>
> We'll just let the Court know, if you see things that are extraneous offenses, we are taking some of that out. We have an agreement on that. [Defense counsel] does not agree to introduce the entire video. He has agreed that, if the video is going to come in, that our redacted version is appropriate.
>
> DEFENSE COUNSEL: That's correct, Your Honor.

At trial, the State offered the redacted DVD, and it was admitted into evidence without objection. The State began to play the DVD for the jury. At one point, the State paused the DVD and asked to approach the bench. The State told the court that in its recent preparations for trial, it had noticed two additional statements by Appellant from which the jury might infer he had

2

previously been to prison. The State had subsequently prepared a new DVD with those statements redacted.

The State further explained to the trial court that while the video was playing for the jury, it heard one of the newly redacted statements.[1] The State then realized that it had inadvertently offered the old redacted version. Not wanting to draw the jury's attention to the statement, the State allowed the video to continue playing a moment longer before stopping it to approach the bench.

To prevent the jury from hearing the other newly redacted statement, and to ensure they did not hear the first one again, the State proposed replacing the DVD in evidence with the newer version. Defense counsel objected to publication of the remainder of the video in any form. He further asked the trial court to strike the entire portion of the video the jury had seen and advise them not to consider it. The trial court denied the request and noted that the prior version of the video would not be available to the jury in deliberations.

The newly redacted DVD was then played for the jury beginning at the point where the prior one was stopped. Defense counsel renewed his motion to strike the entire video and moved for a mistrial. The trial court heard arguments from both sides and then told defense counsel that his objection was overruled.

On appeal, Appellant argues that the State's inadvertent publication of the prior redacted DVD was a violation of an agreed order akin to a motion in limine. He contends that the trial court abused its discretion by failing to exclude the statement as character conformity evidence under rule of evidence 404(b). Appellant further contends that the trial court erred by failing to instruct the jury to disregard the statement and by failing to grant a mistrial. We disagree.

First, we do not find any order by the trial court that was violated by the playing of the DVD. The record shows only that the parties had an agreement regarding the video. Moreover, that agreement did not include redacting the statement Appellant complains of here. The agreement was that the redactions on the DVD that was offered and admitted into evidence were appropriate. Thus, the playing of the DVD was not a violation of any trial court order or agreement of the parties.

Moreover, defense counsel did not ask the trial court to exclude the particular statement complained of here, or instruct the jury to disregard it after the State brought it to the trial court's

---

[1] Appellant told the police that he told Deedra, "If you move, I'm going to shoot you. I don't need to go back to prison."

and Appellant's attention. Defense counsel asked the trial court to exclude the entire video and instruct the jury not to consider it. He gave the trial court no reason why the entire video should be excluded.

Although a request for a lesser remedy is not a prerequisite to a motion for mistrial, we will not reverse a trial court's judgment if the problem could have been cured by a less drastic alternative. *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). An inadvertent reference by a witness to an extraneous offense is generally cured by a prompt instruction to disregard. *See Nobles v. State*, 843 S.W.2d 503, 514 (Tex. Crim. App. 1992). Here, an objection to the statement prior to the admission of the DVD could have kept the statement from the jury entirely. Furthermore, an instruction to disregard the particular statement, for which Appellant did not ask, would have cured any harm caused by it. *See Nobles*, 843 S.W.2d at 514. Because the problem could have been cured by a less drastic alternative, we conclude that the trial court did not abuse its discretion by denying the motion for mistrial. *See Young*, 137 S.W.3d at 70. We further conclude that the trial court did not err by failing to exclude the entire interview. *See id.* Accordingly, we overrule Appellant's first issue.

### CHARGE ERROR

In Appellant's second issue, he argues that the trial court erred by failing to instruct the jury on involuntary intoxication and its consequences.

**Standard of Review and Applicable Law**

The review of an alleged jury charge error in a criminal trial is a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. *Id.* Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. *Id.* at 731-32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. *Id.* at 732.

If the appellant objected to the error, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This means no more than that there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created

such harm that he has not had a fair and impartial trial. *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

The record must show that the defendant suffered actual harm, not merely theoretical harm. *Id.* at 174. In assessing whether the trial court erred by denying a requested defensive instruction, an appellate court must examine the evidence offered in support of the defensive issue in the light most favorable to the defense. *Farmer v. State*, 411 S.W.3d 901, 906 (Tex. Crim. App. 2013).

Generally, a trial court must deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The charge must include an instruction on any defensive theory raised by the evidence and properly requested by the defendant. *Booth v. State*, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984). But the trial court has no duty to instruct the jury sua sponte on unrequested defensive issues because they are not "the law applicable to the case." *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). A defendant who fails to preserve his request for a defensive instruction cannot complain about its omission on appeal because he has procedurally defaulted his complaint. *Id.*

## Analysis

Appellant argues that the trial court should have instructed the jury on involuntary intoxication because he presented evidence that around the time of the shootings, he ingested a substance called Pump-It Powder. Appellant told the court appointed psychiatrist in this case that the substance caused sleeplessness and paranoia. He also said that it caused people to look abnormal or demonic.

Even if such evidence raises a defensive issue based on involuntary intoxication, Appellant cannot prevail on his complaint. In closing arguments, defense counsel argued that perhaps if Appellant had not ingested the Pump-It Powder, he would not have committed the crimes. He further argued that Appellant acted recklessly in ingesting the substance and therefore, if guilty, was guilty of something less than capital murder. But defense counsel never requested an instruction on involuntary intoxication, and he affirmatively stated that he had no objection to the charge. Therefore, we conclude that Appellant procedurally defaulted his complaint. *Id.* Accordingly, we overrule Appellant's second issue.

5

In Appellant's third issue, he argues that his statements to Detective Keith Echols are inadmissible under Texas law because they were given involuntarily. In Appellant's fourth issue, he argues that his statements to Trooper Sean Barnes are inadmissible for the same reason.

**Standard of Review and Applicable Law**

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When a question is raised as to the voluntariness of a defendant's statement, the trial court must make a finding after a hearing outside the presence of the jury regarding whether the statement was made under voluntary conditions. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (West Supp. 2015). If the trial court finds that the statement was voluntary and admissible as a matter of law and fact, it must enter an order stating its conclusion and finding of facts upon which the conclusion was based. *Id.*

The determination of whether a confession is voluntary is based on an examination of the totality of the circumstances surrounding its acquisition. *Armstrong v. State*, 718 S.W.2d 686, 693 (Tex. Crim. App. 1985). Relevant circumstances to determine if a defendant's will has been overborne include length of detention, incommunicado or prolonged interrogation, denying a family access to a defendant, refusing a defendant's request to telephone a lawyer or family, and physical brutality. *Id.*

Intoxication, while relevant to the issue, does not automatically render a confession involuntary. ***Nichols v. State***, 754 S.W.2d 185, 190 (Tex. Crim. App. 1988). The central question is the extent to which the person was deprived of his faculties due to the intoxication. ***Id.*** If the person's intoxication rendered him incapable of making an independent, informed choice of free will, then his confession was given involuntarily. ***Id.***

**Analysis**

Evidence in the record shows that sometime after the shootings, the police found Appellant and Deedra in the stolen vehicle and arrested them. On video from the police vehicle that transported Appellant to jail, Appellant appears to spontaneously begin talking about his crime. Trooper Sean Barnes says something inaudible. Then Appellant says, "I know my rights, brother. I know them. But you got to read them anyway?" Trooper Barnes reads Appellant his rights. Appellant states, "I'm going to waive everything." He then begins to freely discuss his crimes while repeatedly and vehemently declaring Deedra's innocence.

A videotape of Appellant's interview by Detective Echols shows that Appellant was allowed to speak to his children on the phone before the interview began. Appellant was read his warnings. He then waived his rights and eagerly talked to the detective. Appellant was brought coffee and food during the interview. He was also provided cigarettes and multiple cigarette breaks. After each break, he was read his warnings again, and he waived his rights again. Appellant maintained throughout the interview that he alone was responsible for the murder and attempted murders.

In Appellant's third issue, he argues that his statements to Detective Echols were involuntary and are therefore inadmissible under Article 38.22 of the code of criminal procedure. In support of his contention, Appellant cites the following factors: (1) he was allowed to talk to his children as a quid pro quo, (2) his back was against a wall in a "relatively small room" for over three hours, (3) Detective Echols and a Texas Ranger were seated about three to four feet in front of him, (4) Detective Echols is five feet ten inches tall and weighs around 195 pounds, (5) the Ranger is a "pretty good sized boy," (6) Appellant is five feet ten inches tall and weighs 170 pounds, (7) Appellant was nervous and tapping his feet, (8) Appellant's statements about Deedra's involvement did not completely match Echols's understanding of the events, (9) Appellant was worried about his children and Deedra, (10) Appellant was recovering from a psychosis caused by

his involuntary intoxication from Pump-It Powder, and (11) Appellant had not slept for several days.

In Appellant's fourth issue, he argues that his statements to Trooper Barnes were involuntary and are therefore inadmissible as well. In support of this contention, Appellant cites the following factors: (1) fifteen to twenty law enforcement officers were present at the scene of his arrest, (2) members of SWAT were present in riot gear and heavily armed, (3) numerous officers approached Appellant, (4) Appellant was placed on the ground and secured, (5) Deedra was secured and placed in an ambulance, (6) there was "a lot of commotion and noise" and "chatter" at the scene, (7) a law enforcement helicopter landed, (8) highway traffic was diverted around the scene, (9) Appellant was not told that his statements were being recorded, (10) Appellant did not waive his rights in writing, (11) Appellant was recovering from a psychosis caused by his involuntary intoxication from Pump-It Powder, (12) Appellant was worried about his children and Deedra, and (13) Appellant had not slept for several days.

In the trial court's written findings of fact and conclusions of law, it found from the totality of the circumstances that Appellant understood his rights and that he knowingly, intelligently, and voluntarily waived them. The trial court further found that Appellant was not threatened, coerced, or promised anything in exchange for making the statements to the police. Based on our review of the totality of the circumstances, we conclude that the record supports the trial court's conclusion that Appellant's statements to the police were voluntary. *See **Armstrong***, 718 S.W.2d at 693. Therefore, the trial court did not abuse its discretion by denying Appellant's motion to suppress. Accordingly, we overrule Appellant's third and fourth issues.

## DISPOSITION

Having overruled Appellant's first, second, third, and fourth issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2016**

**NO. 12-14-00210-CR**

**BOBBIE DEWAYNE GRUBBS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court
of Shelby County, Texas (Tr.Ct.No. 14CR19,074)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*