COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-491-CR

 

 

KOREY DEMAINE WALKER                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Korey Demaine Walker of attempted capital murder and assessed his punishment at
seventy-seven years= confinement
in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him
accordingly.  In one point, Appellant
argues that the trial court committed reversible error by denying his request
for a jury instruction on self-defense. 
Because we hold that the trial court did err by denying the instruction
and that Appellant suffered some harm as a result of the error, we reverse the
trial court=s judgment
and remand this cause for a new trial.      Peace
officers went to the apartment where Appellant was staying to execute an arrest
warrant.  They knocked on the door
several times.  Although they testified
that they saw someone peeking out through the blinds, no one answered the door.  The officers looked through the peephole and
thought that they saw movement inside the apartment.  The officers finally forced the door open
with a battering ram.  Deputy Tatsch, the
complainant, testified that he kicked open the bedroom door, saw a figure
crouched on the floor pointing a gun at him, and then felt himself being shot
in the abdomen.  Deputy Tatsch said that
he closed the door and returned fire through the door, as did other
officers.  Appellant was shot nine times.








Appellant testified that he
was asleep when he heard a noise.  He
went back to sleep.  A noise woke him up
again.  He looked out the bedroom window,
but he did not see anything suspicious. 
He called his girlfriend on the telephone to see if she was at the door;
she was not.  He then lay down again, but
decided to get up and shower.  While he
was brushing his teeth after his shower, he heard more noises, so he called his
girlfriend again.  While they were
talking on the telephone, he heard what sounded like a gunshot inside the
apartment.  Appellant testified that he
was afraid for his life.  He believed that
he was under attack and that he needed to defend himself.  He grabbed a handgun that was lying on a
chest of drawers in the bedroom and fired two or three times through the closed
bedroom door.  He testified that the
officers returned fire through the bedroom door.  He denied that he intentionally or knowingly
shot a peace officer.  Appellant
testified that he did not suspect the people inside the apartment were police
officers until he went out into the living room during a lull in the
shooting.  He then saw that all the
people were wearing uniforms that identified them as Tarrant County sheriff=s deputies.    A[A] person is justified in using force against another when and to the
degree he reasonably believes the force is immediately necessary to protect
himself against the other=s use or
attempted use of unlawful force.@[2]  Regarding deadly force, the
penal code provides,

A
person is justified in using deadly force against another:  (1) if he would be justified in using force
against the other . . . ; (2) if a reasonable person in the actor=s
situation would not have retreated; and (3) when and to the degree he
reasonably believes the deadly force is immediately necessary:  (A) to protect himself against the other=s use
or attempted use of unlawful deadly force.[3]








A>Reasonable belief= means a belief that would be held by an ordinary and prudent man in the
same circumstances as the actor.@[4]








A defendant is entitled to an
instruction on every defensive issue raised by the evidence regardless of the
strength of the evidence and Aregardless of what the trial court may or may not think about the
credibility of the evidence.@[5]  Whether a defendant=s beliefs, fears, or actions are reasonable are fact issues for the
jury, and the trial court erroneously deprives the jury of the opportunity to
decide the reasonableness of those issues when it fails to instruct the jury on
self-defense that is properly raised by the evidence.[6]  Appellant=s own testimony, detailed above, sufficiently raised the issue of
self-defense to require a jury instruction on the issue.  The trial court therefore erred by refusing
to give the instruction.  Because
Appellant timely objected to the charge, we must reverse the case if the error
was Acalculated to injure the rights of [the] defendant,@ which means no more than that there must be some harm to the
accused from the error.[7]  In other words, we must reverse this case as
long as the error is not harmless.[8]

As our sister court in Austin
has explained,

When the issue is raised, it is the State's
burden to prove beyond a reasonable doubt that the defendant did not act in
self‑defense.  Had the jury in this
cause been properly instructed, it needed only to have a reasonable doubt as to
whether appellant's actions were justified by self‑defense to render an
acquittal.  From a full examination of
the record, we cannot state with confidence that there was no reasonable
possibility that the jury would have found that appellant acted in self‑defense.  We therefore conclude that the court's
refusal to instruct the jury on self‑defense caused some harm to
appellant.[9]

 








The jury alone has the
responsibility to decide whether to accept or reject a properly raised
defensive theory.[10]  Further, section 2.03 of the penal code
provides,AIf the issue
of the existence of a defense is submitted to the jury, the court shall charge
that a reasonable doubt on the issue requires that the defendant be acquitted.@[11]  Because the trial court denied
Appellant=s request
for an instruction on self‑defense, defense counsel was not able to
present this defensive theory to the jury for its consideration.  Had the jury in this cause been properly
instructed, it needed only to have a reasonable doubt as to whether Appellant's
actions were justified by self‑defense to render an acquittal.

From a full examination of
the record, we cannot conclude with any confidence that there was no reasonable
possibility that the jury would have found that Appellant acted in self‑defense.  Accordingly, we hold that Appellant suffered
some harm from the trial court's denial of an instruction on the issue of self‑defense.  We therefore sustain his sole point, reverse
the trial court=s judgment,
and remand this cause for a new trial.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

LIVINGSTON, J. dissents without opinion.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
April 6, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. ' 9.31(a) (Vernon 2003).





[3]Id. '
9.32.





[4]Id. '
1.07(a)(42) (Vernon Supp. 2005).





[5]Granger
v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); see
also  Brown v. State, 955
S.W.2d 276, 279 (Tex. Crim. App. 1997); Golden v. State, 851 S.W.2d 291,
295 (Tex. Crim. App. 1993).





[6]Granger, 3
S.W.3d at 39.





[7]See Tex. Code Crim. Proc. Ann.
art. 36.19 (Vernon 1981); see also  Abdnor v. State, 871 S.W.2d 726, 731-32
(Tex. Crim. App. 1994); Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (op. on reh=g).





[8]See Almanza,
686 S.W.2d at 171.





[9]VanBrackle
v. State, 179 S.W.3d 708, 717 (Tex. App.CAustin
2005, no pet.) (citations omitted).





[10]Booth
v. State, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984).





[11]Tex. Penal Code Ann. '
2.03(d) (Vernon 2003).