# NO. 12-18-00214-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BUCK DOUGLAS CRAWFORD, III,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Buck Douglas Crawford, III appeals his conviction for failure to register as a sex offender. In a single issue, he urges the trial court erred in providing an overbroad "on or about" instruction in the jury charge. We affirm.

### BACKGROUND

Appellant was charged by indictment for failure to register as a sex offender. The State alleged that Appellant moved to 1407 Oak Hill Place in Lufkin, Texas, and failed to register with the Lufkin Police Department within the seven-day requirement. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. The jury found Appellant guilty as charged in the indictment. After a trial on punishment, the jury assessed Appellant's punishment at imprisonment for eighty months. This appeal followed.

### CHARGE ERROR

In Appellant's sole issue, he contends the trial court erred when it provided an overbroad "on or about" instruction.

## Standard of Review

The review of an alleged jury charge error in a criminal trial is a two-step process. ***Abdnor v. State***, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. ***Id.*** Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. ***Id.*** at 731–32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. ***Id.*** at 732.

If the appellant objected to the error, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This means no more than that there must be some harm to the accused from the error. ***Almanza v. State***, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. ***Id.*** "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." ***Id.***

The record must show that the defendant suffered actual harm, not merely theoretical harm. ***Id.*** at 174. In assessing whether the trial court erred by denying a requested defensive instruction, an appellate court must examine the evidence offered in support of the defensive issue in the light most favorable to the defense. ***Farmer v. State***, 411 S.W.3d 901, 906 (Tex. Crim. App. 2013).

Generally, a trial court must deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The charge must include an instruction on any defensive theory raised by the evidence and properly requested by the defendant. ***Booth v. State***, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984). But the trial court has no duty to instruct the jury sua sponte on unrequested defensive issues because they are not "the law applicable to the case." ***Vega v. State***, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). A defendant who fails to preserve his request for a defensive instruction cannot complain about its omission on appeal because he procedurally defaulted his complaint. ***Id.***

2

**Analysis**

The indictment alleged that Appellant, "on or about the 8th day of December, A.D., 2017," "did while knowing that he was a person required to register under the Sex Offender Registration Program … fail to register with the local law enforcement authority in Lufkin, Texas, namely the Lufkin Police Department, while having two reportable convictions, deferred adjudications, or adjudications for the offenses of Sexual Assault of a Child and Sexual Assault, having resided in Lufkin, Texas for more than seven days."  On appeal, Appellant complains of the following "on or about" instruction that the trial court provided to the jury sua sponte within the charge:

> By the term *"on or about the 8th day of December, A.D., 2017"* is meant any day before the date of the indictment, February 23, 2018.

Appellant did not object to the inclusion of this instruction in the jury charge at trial. Appellant now argues that this instruction was overbroad and improper because it "permitted the jury a much broader chronological parameter than the law allows."  He further urges that the evidence at trial indicated multiple bases to trigger a duty to register or report both before and after the date mentioned in the indictment.

The Code of Criminal Procedure requires a sex offender to register with local law enforcement no later than the seventh day after his arrival in a municipality or county if the person resides or intends to reside in the city or county for more than seven days.  TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (West 2018).  Appellant argues that because the failure to register statute is time-sensitive, the trial court's instruction permitted the jury to consider events after the date alleged in the indictment.  As a result, he contends the instruction is overbroad.

In support of his argument, Appellant relies on *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011).   The defendant in *Taylor* was charged by three separate indictments with aggravated sexual assault. The complainant testified to sexually assaultive conduct committed by the defendant both before and after the defendant's seventeenth birthday. *Taylor*, 332 S.W.3d at 485–86.   However, "a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age . . . "  TEX. PENAL CODE ANN. § 8.07(b) (West Supp. 2018). Although the indictments alleged the offenses were committed on dates that followed the defendant's seventeenth birthday, the trial court's charge instructed the jurors that the State was not bound by the specific dates alleged and that they could convict the defendant if the offenses

3

were committed at any time within the period of limitations. *Taylor*, 332 S.W.3d at 487–88. Nor were the jurors instructed that the defendant could not be convicted for conduct committed before his seventeenth birthday. *Id.* at 486; *see* TEX. PENAL CODE ANN. § 8.07(b). The court of criminal appeals found that, under the circumstances, Section 8.07(b) of the penal code was the law applicable to the case on which the trial court had a duty to instruct the jury even in the absence of a request or objection by the defendant. *Taylor,* 332 S.W.3d at 488–89. The *Taylor* court concluded "that a jury charge is erroneous if it presents the jury with a much broader chronological perimeter than is permitted by law." *Id.* at 488. Thus, the absence of a Section 8.07(b) instruction, when combined with evidence of the defendant's conduct while a juvenile and the instruction that a conviction could be based on any conduct within the limitations period, "resulted in inaccurate charges that omitted an important portion of the law applicable to the case." *Id.* at 489.

Here, however, the jury heard evidence of only one alleged violation of the registration requirement. The evidence presented at trial demonstrates that Appellant moved to Lufkin from outside Angelina County in November 2017 and did not register with the Lufkin Police Department before he was arrested in December 2017.

Specifically, Don Douglas, who supervises the sex offender registration program for the Lufkin Police Department, testified that an offender must report to the police department within seven days of moving to Lufkin and that Appellant did not register in 2017. On November 29, 2017, she received a call from Appellant that he was living in Lufkin at 1407 Oak Hill Place. Douglas informed Appellant that he had seven days to register. Officer Alberto Ibarra testified that he asked Appellant on November 29, 2017, if he had registered and Appellant nodded affirmatively. Appellant's uncle testified that Appellant lived with him at 1407 Oak Hill Place near Thanksgiving or Christmas 2017. He further stated that Appellant enrolled his daughter in school within a week of moving to Lufkin. Appellant's aunt testified that she learned that Appellant was in Lufkin on November 20, 2017. She later learned that he had arrived on November 19. Detective Stephen Abbott testified that he arrested Appellant on December 8, 2017, for failure to register.

Accordingly, the jury did not hear evidence of Appellant's conduct beyond the period alleged in the indictment and upon which they could convict him for offenses with which he had not been charged or upon which they were statutorily prohibited from convicting Appellant, as in *Taylor*. Thus, we conclude the charge did not present the jury with a much broader chronological

4

parameter than permitted by law. *See e.g.* **Herrell v. State**, No. 02-16-00432-CR, 2018 WL 1865881, at \*9 (Tex. App.—Fort Worth Apr. 19, 2018, pet. ref'd) (mem. op., not designated for publication) ("Because Herrell was charged only with failing to report an intended change of address under article 62.055(a) and the indictment alleged, and the evidence showed, only one change of address, the trial court's 'on or about' instruction did not authorize the jury to convict Herrell for an offense other than the one charged in the indictment"); *see also e.g.* **Kelley v. State**, 429 S.W.3d 865, 879–80 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (concluding that trial court instruction was erroneous because jury heard evidence of conduct beyond the period alleged in the indictment). As a result, the charge was neither inaccurate nor erroneous. Because the trial court did not err in giving the "on or about instruction," we need not conduct an egregious harm analysis. *See* **Posey v. State**, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998) (review for egregious harm required only if the charge contains error); *see also* **Cox v. State**, No. 12-15-00228-CR, 2016 WL 4538610, at \*1 (Tex. App.—Tyler Aug. 31, 2016, no pet.) (mem. op., not designated for publication). We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-18-00214-CR

**BUCK DOUGLAS CRAWFORD, III,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2018-0100)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*