# NO. 12-19-00132-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DIKEMBI RASHAD SPENCER,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dikembi Rashad Spencer appeals his conviction for engaging in organized criminal activity. In a single issue, Appellant argues the jury charge on guilt failed to include the necessary *mens rea* of the charged offense. We affirm.

## BACKGROUND

On November 13, 2017, Detective Jim Holt of the Tyler Police Department was dispatched to a shooting at the Chelsea Creek Apartments. After he arrived, Detective Holt learned that one of the victims, Terry Rogers, was in the hospital suffering from gunshot wounds. While interviewing Rogers, Detective Holt learned that Rogers had been robbed at gunpoint earlier in the day.

During his investigation, Detective Holt learned that Rogers was robbed while attempting to sell marijuana to Cameron Campbell, Devonte Black, and Appellant. The investigation further showed that Campbell, Black, and Appellant were members of the criminal street gang, the Westside Rollin 60's Crips (the Westside Crips). As a result, Appellant was arrested and charged by indictment with engaging in organized criminal activity. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. The jury ultimately found Appellant "guilty" as charged and sentenced him to fifty years confinement. This appeal followed.

In his sole issue, Appellant contends the trial court erred when it failed to include the necessary *mens rea* of the charged offense when charging the jury.

**Standard of Review**

The review of an alleged jury charge error in a criminal trial is a two-step process. ***Abdnor v. State***, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. ***Id***. Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. ***Id***. at 731–32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. ***Id***. at 732.

If the appellant objected to the error, the appellate court must reverse the trial court's judgment when the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This means no more than that there must be some harm to the accused from the error. ***Almanza v. State***, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. ***Id***. "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." ***Id***.

The record must show that the defendant suffered actual harm, not merely theoretical harm. ***Id***. at 174. In assessing whether the trial court erred by denying a requested defensive instruction, an appellate court must examine the evidence offered in support of the defensive issue in the light most favorable to the defense. ***Farmer v. State***, 411 S.W.3d 901, 906 (Tex. Crim. App. 2013).

Generally, a trial court must deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The charge must include an instruction on any defensive theory raised by the evidence and properly requested by the defendant. ***Booth v. State***, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984). But the trial court has no duty to instruct the jury sua sponte on unrequested defensive issues because they are not "the law applicable to the case." ***Vega v. State***, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). A defendant who fails to preserve his request for a defensive instruction cannot complain about its omission on appeal because he procedurally defaulted his complaint. ***Id***.

**The Jury Charge**

Appellant was charged with the offense of engaging in organized criminal activity in violation of Section 71.02 of the Texas Penal Code. Under the relevant portion of that statute, a person commits an offense

> if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit one or more of the following:
> (1) ... aggravated robbery ....

TEX. PENAL CODE ANN. § 71.02(a)(1) (West Supp. 2019). "Criminal street gang" is defined as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities." *Id*. § 71.01(d) (West 2011).

In this case, the charge submitted to the jury contained the following instructions relevant to Appellant's contentions:

> A person commits the offense of engaging in organized criminal activity if, as a member of a criminal street gang, the person commits certain criminal offenses, included aggravated robbery.
> To prove the defendant is guilty of engaging in organized criminal activity, the state must prove beyond a reasonable doubt, two elements. The elements are that-
> 1. The defendant committed the offense of aggravated robbery; and
> 2. The defendant did this as a member of a criminal street gang.
> ....
>
> "Criminal street gang" means three (3) or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities.
> ....

The charge did not instruct the jury that a person commits the offense of engaging in organized criminal activity if he acts with intent to participate as a member of a criminal street gang.

**Error in the Charge**

Appellant argues that Section 71.02(a)(1) requires the jury to find that he committed the criminal act *with the intent to participate in the commission of the act* as a member of the criminal street gang. *See* TEX. PENAL CODE ANN. § 71.02(a)(1). He insists that a correct charge must include an instruction that the State is required to "prove that [a defendant] had the culpable mental

state of intent to participate as a member of a criminal street gang." *See Curiel v. State*, 243 S.W.3d 10, 19 n.7 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (although trial court's jury charge erroneously failed to require State to prove appellant had culpable mental state of intent to participate as a member of a criminal street gang, appellant did not challenge the error and appellate court did not need to address it). He asserts that the trial court erred in submitting a jury charge that failed to track the language of the statute.

In *Licerio v. State*, we interpreted "as a member of a criminal street gang" to mean "in the role, capacity or function" of a member of a criminal street gang, not merely "while" a member. *Licerio v. State*, No. 12-11-00326-CR, 2013 WL 414239, at *6 (Tex. App.—Tyler Jan. 31, 2013, pet. ref'd) (mem. op., not designated for publication). We held that under Section 71.02(a), a finding of guilty required the State to establish that the defendant committed one or more of certain enumerated offenses with the intent to establish, maintain, or participate (1) in a combination; or (2) in the profits of a combination; or (3) in the role, capacity, or function of a member of a criminal street gang. *Id*. We found the charge erroneous, because it did not require the jury to find that the appellant committed the underlying crime with the intent to "establish, maintain, or participate in the role, capacity, or function of a member of a criminal street gang." *Id*. at *5-6.

And in *Hampton v. State*, we held that the *intent to participate* in the commission of the underlying crime as a member of a criminal street gang is an essential element of the offense. *Hampton v. State*, No. 12-15-00211-CR, 2016 WL 4126030, at *3 (Tex. App.—Tyler Aug. 3, 2016, pet. ref'd) (mem. op., not designated for publication) (emphasis in original). We further held that a proper charge must contain this requisite intent element and cannot permit a finding of guilt upon a showing of nothing more than that the defendant committed the underlying offense "as a member of a criminal street gang." *Id.* A correct jury charge must instruct the jury that "a person commits the offense of engaging in organized criminal activity if, with intent to participate as a member of a criminal street gang." *Id.; see also Jackson v. State*, 314 S.W.3d 118, 127 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

As the pertinent portion of the jury charge reflects, the charge submitted in Appellant's trial did not require the jury to find that Appellant intended to act as a member of a criminal street gang. As a result, the trial court erred in submitting a charge that did not require the jury to find the essential element of intent. *See Hampton*, 2016 WL 4126030, at *3.

4

**Harm**

Having determined that the jury charge contained error, we must now address whether the error caused harm sufficient to warrant reversal. Appellant did not object to the jury charge at trial. Unpreserved charge error will not result in reversal absent egregious harm. *Almanza*, 686 S.W.2d at 171. The degree of harm must be assessed considering (1) the entire jury charge, (2) the state of the evidence, (3) the argument of counsel, and (4) other relevant information revealed by the record. *Id*.

The jury charge provided the jury with the statutory definition of "criminal street gang." While the charge also defined "intent to deprive of property," "intentionally threaten," "knowingly threaten," "intentionally place in fear," and "knowingly place in fear," the definitions of "intentionally" and "knowingly" were omitted. The application paragraph cannot be read as requiring the jury to find that Appellant committed the underlying offense with the "intent to participate in" the offense as a member of a criminal street gang.

Nevertheless, the evidence at trial was uncontradicted that Appellant at least assisted in the commission of the aggravated robbery of Rogers. Campbell contacted Rogers to set up a marijuana deal. Campbell, Appellant, and Black all went to Rogers's residence to purchase one pound of marijuana. Campbell remained in the car while Appellant and Black went inside with Rogers and a man named Christopher Hardy. After Appellant and Black confirmed Rogers had the marijuana, they revealed firearms. They pointed firearms at Rogers and Hardy, took the marijuana without paying for it, and all three men fled the scene.

The evidence further demonstrated that Appellant was a member of the Westside Crips. Campbell testified that he knows Appellant as a member of the Westside Crips. He further testified that both Black and himself were members at the time of the robbery. Following the robbery, a Snapchat video of Appellant in a room with guns and the marijuana was recorded. In the video, Black and Campbell are seen making hand signals that correspond to membership in the Westside Crips. Detective Chris Miller testified that all three men are documented as members of the Westside Crips based on their actions and history.

During voir dire and argument, the State did not seek an advantage from the absence of the missing intent element in the charge. During voir dire, the State described the elements of the charge as follows: "the Defendant committed the offense as a member of a criminal street gang," and "it's about robbery being committed as a member of a criminal street gang." And during

5

opening statements, the State explained its theory of the case that Campbell, Black, and Appellant, "during the course of committing this robbery are members of a criminal street gang. That criminal street gang is called the Westside Rollin 60's Crips. That's what makes this engaging in organized criminal activity." And during closing, the State argued, "he's committed the offense of aggravated robbery, and he did so as a member of a criminal street gang."

There was nothing incendiary or misleading in the State's comments. The evidence left no room for doubt that the three gang members intended to participate in the aggravated robbery as members of a criminal street gang. It is not reasonable to believe that Appellant would have benefitted from a correct charge requiring the jury to find that he committed aggravated robbery "with intent to participate in the aggravated robbery as a member of a criminal street gang." *See Hampton*, 2016 WL 4126030, at \*4. As a result, Appellant was not egregiously harmed. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice


Opinion delivered February 12, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 12, 2020**

**NO. 12-19-00132-CR**

**DIKEMBI RASHAD SPENCER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0333-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*